# Lockwood *v.* Tate.

*Bill in Equity to set aside Sale under Power in Mortgage, and for Foreclosure of Mortgage.*

1. *Relief in equity against unauthorized transfer by a husband of a debt due to his wife, evidenced by note and mortgage to husband and wife.*—A note, representing a debt due to the complainant, a married woman, alone, was without her knowledge made payable to her and her husband, as was also a mortgage whereby it was secured. She indorsed the note in blank, and delivered it to her husband, to be used by him in a business venture with his brother. The husband indorsed the note, and delivered it and the mortgage to the defendant, to whom he was indebted as a partner in another business, in which the wife had notified the defendant that her property should not be used. Defendant had notice of complainant's ownership of the debt represented by the note and mortgage, and that her husband was without funds with which to pay her the value of the note and mortgage. Defendant transferred the note and mortgage as collateral to innocent purchasers, who executed the power of sale contained in the mortgage, the defendant becoming the purchaser of the mortgaged property at such sale. *Held,* that the transfer of the note and mortgage to defendant, his assignment, and the sale under the power should be annulled and set aside, and that, as against the defendant, the complainant was entitled to the security of the mortgage, and to have it foreclosed, the rights of the defendant's assignees not being involved.

2. *Purchaser for value, in good faith, and without notice; when his vendee is not protected.*—The general rule that a purchaser with notice from a *bona fide* purchaser is entitled to the benefits of the position of his vendor is subject to an exception, where the property is reacquired by one who held it with notice of the superior equity of another before it was acquired by a *bona fide* purchaser, and such superior equity prevails as against the person so reacquiring the property.

[Lockwood v. Tate.]

Appeal from the Chancery Court of Jefferson.

Heard before the Hon. Thomas Cobbs.

The bill in this case was filed on the 1st February, 1890, by Mrs. Mary D. Tate, against J. L. Lockwood, Miss C. E. Berry, and Thomas S. Tate, the husband of the complainant. J. L. Lockwood answered the bill. Decrees *pro confesso* were taken against the other defendants. The facts are sufficiently stated in the opinion. On the final submission of the cause, on the pleadings and proof, a decree was rendered granting the relief prayed for. This decree is now assigned as error by the appellant Lockwood.

H. C. Selheimer, for appellant.

Arnold & Evans, *contra.*

WALKER, J.—Mrs. Tate, the appellee, was the owner of a tract of land near the city of Birmingham. A part of this tract was sold and conveyed to a Miss Berry, who paid all the purchase-money therefor except one thousand dollars. For this sum she executed a note which was made payable, not to Mrs. Tate alone, but to Mrs. Tate and her husband. To secure the payment of this note, Miss Berry reconveyed the land which she had purchased, by a mortgage, which was also made to Mrs. Tate and her husband. Several months after the note and mortgage were executed, Mrs. Tate endorsed the note in blank, and handed it to her husband. The latter wrote a formal transfer over his wife's signature, added his own signature, and delivered the note and mortgage to the appellant, J. L. Lockwood. Lockwood transferred the note and mortgage to Goodall, Fite & James as collateral security for a debt owing to them. In their name the power of sale contained in the mortgage was executed; at the sale Lockwood became the purchaser, and having paid the amount of his bid, Goodall, Fite & James executed a deed of the land to him. The purpose of Mrs. Tate's bill in this case is to have the transfer of the note and mortgage to Lockwood, his assignment to Goodall, Fite & James, and the sale under the power to Lockwood, annulled and set aside; to have herself decreed to be the sole owner of the note and mortgage, and to be entitled to the security thereof, just as if the transfer to Lockwood and the sale under the power had never been made; and to obtain a decree in her favor for the foreclosure of the mortgage. The claim to this relief if based upon the facts already stated and upon allegations to the effect that the note and mortgage were deliv-

ered by Mrs. Tate to her husband to be used in a certain way agreed to by her; that he made an unauthorized use thereof in transferring them to Lockwood; and that when Lockwood received them he had notice of Mrs. Tate's ownership, and that the transfer to him was unauthorized and for a purpose to which she did not consent.

When Lockwood received the note and mortgage he and Mr. Tate were partners engaged in business as railroad contractors. Their operations had not been successful, and at that time the firm was largely indebted. Lockwood claims that Tate was then owing him a considerable amount for supplies which he had drawn out for his own use from the firm commissaries, and for money advanced to him for his private purposes. Lockwood testifies: "In settlement or part settlement, he (Tate) gave me his individual notes, and turned over this note and mortgage for me to sell and pay them with." We are fully satisfied from the evidence that Mrs. Tate was, from the beginning, opposed to her husband's business venture with Lockwood, and that she had repeatedly warned Lockwood that she would not consent for any of her property to be used in any business between him and her husband; that he must have been aware of the fact that the note and mortgage were given to secure a part of the purchase-money for land which had belonged to Mrs. Tate alone; and that he knew that Mr. Tate was then without funds and unable to pay his wife the value of the note and mortgage. Mrs. Tate's endorsement on the note informed him that her husband held it under a transfer from her. Having this information, the law charged Lockwood with notice that the transaction between husband and wife was "subject to the rules of law as to contracts by and between persons standing in confidential relations."—Code, § 2349.

When Mr. Tate delivered the note and mortgage to Lockwood the latter was informed of facts and circumstances sufficient to put him, if he was in the exercise of ordinary prudence, upon inquiry as to the authority of Tate to make such a use of his wife's property. The papers themselves clearly informed him that Mrs. Tate had at least a partial interest in the debt which they represented; he knew that Tate did not then have the means to purchase and pay for that interest of his wife; and he had been expressly warned by Mrs. Tate that she would not consent to such use of her property as was then proposed, and attempted to be made. The circumstances here referred to would naturally suggest to a prudent person, occupying Lockwood's position, that Tate's use of the note and mortgage for the payment of his

[Lockwood v. Tate.]

own debt was in violation of a confidence reposed in him by his wife when she endorsed and delivered the note to him. Good faith towards Mrs. Tate—any regard at all for her protests against the use of her property for any such purpose—would have suggested to Lockwood that it was his duty to make inquiry, and to obtain from Mrs. Tate some assurance that she had fully yielded her consent to the disposition of her property for the payment of her husband's debts. Yet he refrained from making any inquiry on the subject. Information which makes it the duty of a party to make inquiry, and shows where it may be effectually made, is notice of all facts to which such inquiry, if conducted with ordinary diligence and prudence, would have led. *Hodges v. Coleman*, 76 Ala. 113; 2 Brick. Dig. p. 520, § 183; Good faith is an essential element of a valid claim to protection as a purchaser without notice; and lack of good faith is to be imputed to one who, having such information as would put a prudent man on inquiry, fails to pursue the inquiry, which, if diligently followed up, would have led him to a knowledge of the superior right of another.—*Taylor v. Agricultural & M. Assn.*, 68 Ala. 229; *Whelan v. McCreary*, 64 Ala. 219; *Craft v. Russell*, 67 Ala. 9; *Barton v. Barton*, 75 Ala. 400. Lockwood is not entitled to the advantages of the position of a purchaser for value in good faith and without notice. Nor is he entitled to treat Mrs. Tate's mere endorsement of the note as an estoppel upon her to question her husband's disposition of it. In view of his information as to the facts above referred to, he was not warranted in reposing an unquestioning reliance upon Mr. Tate's possession of the note with his wife's endorsement upon it, as evidence of her consent to such a disposition of it as was then made. He can not claim to have been misled, when any ignorance on his part as to the truth of the matter was owing to his own negligent failure to follow up an inquiry which must have been suggested by facts brought to his knowledge.

Lockwood's position is not strengthened by the circumstance that Goodall, Fite & James, in whose names the power of sale in the mortgage was executed, were entitled to be treated as holding the note and mortgage as purchasers in good faith and without notice. The general rule is that a purchaser with notice from one who acquired the property in good faith and without notice is entitled to the benefits of the position of his vendor. An exception to this rule obtains when the property is reacquired by the original party who had obtained it with notice of the superior equity

of another. It is not necessary for the protection of the subsequent holder in good faith to permit such original party to shelter himself under the former's good faith. All other persons may acquire the property from him unburdened by the equity which was not disclosed when he became a purchaser for value and in good faith. Only one customer is removed from the market. The party who originally perpetrated the wrong will not be permitted to reap the benefit of it. If the estate becomes revested in him, the original equity will re-attach to it in his hands.—*Church v. Ruland,* 64 Pa. St. 432; *Troy City Bank v. Wilcox,* 24 Wis. 671; Bispham's Principles of Equity (3d Ed.), § 265; 2 Pomeroy's Eq. Juris., § 754. Goodall, Fite & James took the note and mortgage as collateral security for the debt due to them. That debt having been paid, they have no interest in the questions involved in this case.

Lockwood not being protected as against the equities existing in Mrs. Tate's favor when he acquired the note and mortgage, the only remaining inquiry is whether she has established the claim set up in the bill. The testimony shows that she entrusted the note to her husband to be used in a business venture in which his brother was concerned. It clearly appears that the transfer of it to Lockwood was wholly unauthorized, and was a diversion of it from the purpose to which she understood it was to be applied. It was established that the debt evidenced by the note belonged to her alone, and that she was not aware that her husband was improperly named therein as a payee with her. She was entitled to the benefit which the security afforded her. The relief afforded by the decree of the Chancery Court was appropriate to secure that result. That decree will, accordingly, be affirmed.

Affirmed.