# Lynn *v.* Broyles Furniture Company

## *Detinue.*

(Decided Dec. 19, 1911.   57 South. 122.)

1. *Sales; Conditional Sales; Registration.*—Conditional sale contracts are valid as between the parties to them whether they are recorded or not, and a failure to record as provided by section 1017, Code 1896, renders such instruments void only as against purchasers for value, mortgagee and judgment creditors without notice.

2. *Same; Statutes.*—While the provisions of section 1017, Code 1896, were expressly repealed so far as Jefferson County is concerned by Local Acts 1898-9 p. 1120, yet it is held that where the furniture was sold under a conditional sales contract in Jefferson County, where it was delivered and remained with the purchaser for nearly a year, and then removed to Cullman County, the fact that the intrument evidencing retention of title did not have to be recorded in Jefferson County, did not exempt the seller of the furniture from recording it in Cullman County, and if the seller of the furniture failed within 90 days after the removal of the property to that county to record the said instruments in that county, its conditions became invalid as against the subsequent purchaser without notice.

3. *Statutes; Construction.*—In construing a statute, the court will give to it that meaning which will effectuate the purpose of the legislature in passing it.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Detinue by the Broyles Furniture Company against J. Lynn. Judgment for plaintiff and defendant appeals. Reversed and remanded.

[Lynn v. Broyles Furniture Company.]

F. E. St. John, for appellant. When the property was removed from Jefferson to Cullman county, its disposition and transfer of title was subject to the laws in force in Cullman county.—*Weinstein v. Freyer*, 93 Ala. 261; *Jones v. Jones*, 18 Ala. 248. Under these authorities, it must be held that the failure to record the conditional sales contract in Cullman county within 90 days after the removal of the property to Cullman county rendered its provisions void as to a subsequent purchaser for value without notice, notwithstanding said instrument was not required to be recorded in Jefferson county, where it was executed.—*Louis v. Bush*, 30 Minn. 244; *Ensley L. Co. v. Lewis*, 121 Ala. 98.

J. B. Brown, for appellee. The provisions of section 1017, Code 1896, had no application to Jefferson county contracts, and it was not necessary to record such contracts in order to make it valid as between the parties or as to the creditors or purchasers.—*Goodgame v. Sanders*, 140 Ala. 248; *Bronson v. Russell*, 142 Ala. 262; *Brandon Printing Co. v. Bostick*, 126 Ala. 247. The vendee's vendor had no title, and hence, could convey none, although the vendee shows himself to be an innocent purchaser.—*Summers v. Wood*, 67 Ala. 193; *Weinstein v. Freyer*, 93 Ala. 257; see generally, *So. Ry. Co. v. Harmon*, 129 Ala. 544.

De GRAFFENRIED, J.—The Broyles Furniture Company, in the latter part of the year 1906 and in the early part of the year 1907, made what may be treated in this opinion as two separate conditional sales of certain household furniture to L. D. Overstreet and wife. The sales were made in Jefferson county, where Mr. and Mrs. Overstreet then resided, and were evidenced by two instruments in writing by which the title to the

property was to remain in the Broyles Furniture Company until the purchase money was paid. Mr. and Mrs. Overstreet were put in possession of the property in Jefferson county and remained in its possession in said county until the fall of 1907, when they moved to Cullman county and took with them, with the knowledge of the Broyles Furniture Company, the said personal property. They remained in Cullman county until the latter part of 1907, when they left the state. While living in Cullman county Mr. and Mrs. Overstreet lived in a hotel of which the appellant was the proprietor, and the furniture involved in this suit was kept in the hotel.

There was evidence tending to show that from the time they came into the possession of the property until they removed from the state Mr. and Mrs. Overstreet remained in the possession of the furniture and held it in accordance with the terms of their written contract and in subordination to the title and rights of the Broyles Furniture Company, and that when they moved from Alabama they notiled the Broyles Furniture Company of the fact of their removal, and that they had left the furniture at the Lynn Hotel in Cullman county, and that said company could get it there.

On the other hand the appellant, J. Lynn, offered to prove that on or about the 10th day of January, 1908, he, for value and without notice of the claim of appellee to the property, bought it from Mr. and Mrs. Overstreet, and that from that time the property remained in the hotel as his property and was used by him as such in Cullman county. In this connection he also offered to prove that the instruments evidencing appellant's title to the property were not recorded until after he had bought it and more than three months after its removal to Cullman county. The court de-

clined to allow the apellant to introduce this evidence, and the appellant seasonably excepted to this action of the court.

This suit originated prior to the adoption of the present Code, and section 1017 of the Code of 1896, which we will hereafter discuss, was not applicable to Jefferson and Montgomery counties. Local Acts 1898-99, p. 1120. The two instruments evidencing the conditional sales by appellee of the furniture to Mr. and Mrs. Overstreet were therefore never recorded in Jefferson county, but they *were* filed for record and recorded in Cullman county in January, 1908, about 10 or 15 days *after* the time when appellant claims that he bought and paid for the property.

1. Section 1017 of the Code of 1896 requires all instruments evidencing conditional sales of personal property by the terms of which the vendor retains the title to the property, to be recorded within 30 days from their date in the office of the judge of probate of the county in which the purchaser resides and also in the county in which such property is delivered and remains. It also provides that if the property is removed to another county the contract must be recorded within three months from the time of such removal in the county to which it is removed. It further provides that such instruments, unless recorded as above provided, shall be void against purchasers for a valuable consideration, mortgagees and judgment creditors without notice. By the above-quoted act (Local Acts 1898-99, p. 1120), the Legislature expressly repealed the above section 1017 "so far as the same applies to Jefferson and Montgomery counties." Under the general law of the state, therefore, such instruments as those now under consideration were required to be recorded, but, under a local law applicable only to Jefferson and

Montgomery counties, they were not required to be recorded in those counties.

The question then, simply, is this: Did the fact that a local law applicable only to that part of the state in which these conditional sales were made and in which the property was situated at the time of such sales exempted the instruments under consideration from registration in such part of the state so operate as to exempt them from the general registration laws of the state when the property described in them was removed from the county in which the sales were made to those parts of the state in which the general registration laws were in force? Was it the intention of the Legislature, when it passed the above act repealing section 1017 of the Code of 1896, "so far as the same applies to Jefferson and Montgomery counties" to, in effect, repeal the provisions of our general registration laws as to conditional sales of personal property situated in Jefferson county and made in Jefferson county, and evidenced by written instruments, when that property was removed from Jefferson county into another part of the state? If so, the above local act in fact became the general law of the state in so far as written instruments evidencing conditional sales of personal property in Jefferson and Montgomery counties is concerned, and it had, contrary to the general rule, an extraterritorial operation.— *Ensley Lumber Co. et al. v. Lewis,* 121 Ala. 94, 25 South. 729.

Our registration laws have nothing whatever to do with the legality of a sale or conveyance as between the parties. As between them instruments conveying title to property are valid, whether they are recorded or not. The failure to record the instruments covered by the registration statutes as required by law simply renders them void as against purchasers for value,

[Lynn v. Broyles Furniture Company.]

mortgagees and judgment creditors without notice.—
*Winston v. Hodges,* 102 Ala. 304, 15 South. 528. "The
omission to record operates in the nature of a forfeit-
ure of the reservation of title as to creditors and pur-
chasers. The question is not one of validity and con-
struction, but of notice by registration and privity of
right. The failure to record does not divest the orig-
inal vendor of the title, but debars its assertion against
third parties, conferring on them, if judgment cred-
itors, a lien, and, if purchasers, a right prior and supe-
rior to the vendor's reservation of title."—*Weinstein v.
Feyer,* 93 Ala. 257, 9 South. 285, 12 L. R. A. 700; *Gi-
mon v. Davis,* 36 Ala. 589.

It is a cardinal rule that, in construing a statute,
courts shall give to it that construction which will ef-
fectuate the purpose of the Legislature in passing it.—
*Thompson v. State,* 20 Ala. 54. Our registration stat-
utes are remedial in their nature, for they are designed
to give notice that creditors and purchasers may not be
deluded and defrauded.—4 Mayfield's Dig. p. 681, § 17.
"A remedial statute must be construed largely and ben-
eficially, so as to suppress the mischief and advance the
remedy; and if the words are not clear and precise, such
construction will be adopted as will appear the most
reasonable and the best suited to accomplish the ob-
jects of the statute, and a construction which would
lead to an absurdity will be rejected."—*Sprowl v. Law-
rence,* 33 Ala. 674.

Even penal statutes shall not be so strictly con-
strued as to defeat the obvious intention of the Legisla-
ture which enacted them.—*Crosby v. Hawthorn,* 25
Ala. 221.

It was the evident purpose of the Legislature in call-
ing into existence the statute providing for the regis--
tration of instruments evidencing conditional sales of:

personal property to require, for the protection of innocent purchasers, mortgagees and judgment creditors without notice that, in the event any of the property covered by such instrument was removed from the county in which the sale was made and the property situated into some other county, such instrument should be recorded within 90 days after such removal in the county into which such property was removed, and that, unless so recorded within 90 days, such instruments should be void as against the parties for whose protection the statute was designed.—*Pollak v. Davidson*, 87 Ala. 551, 6 South. 312.

The mere fact, therefore, that a local law of Jefferson county exempted the instruments under consideration from our registration laws while the property covered by them remained in Jefferson county did not relieve the appellee of the duty which the general laws of the state placed upon him to record the written evidences of his claim upon the property when it was removed from Jefferson county into Cullman county. A contrary holding would extend the operation of the act above quoted exempting Jefferson and Montgomery counties from the operation of section 1017 of the Code of 1896 beyond the limits which the Legislature intended when it passed the act.

2. When the property was removed to Cullman county, the appellee had 90 days within which to record the instruments evidencing his title to the property in that county, and if, within the 90 days, the appellant bought the property for value and without notice, he did so at his peril, and if the instruments were in fact recorded in Cullman county within 90 days after the property was removed to that county, then the appellee is entitled to recover. If, on the other hand, the appellant bought the property within 90 days

after its removal to Cullman county, for value and without notice of appellee's claim, and the appellee did not record the written evidences of its title to the property within 90 days after its removal to that county, then appellant is entitled to recover.—*Teat v. Chapman,* 1 Ala. 491, 56 South. 267.

It follows from what we have above said that in our opinion the court committed reversible error in refusing to allow the appellant to offer evidence before the jury that he had bought for value and without notice of appellee's claim the property involved in this suit, after its removal to Cullman county, and that the appellee did not record the instruments evidencing its claim to the property within 90 days from the date of the removal of the property to Cullman county.

For the error pointed out, this cause is reversed and remanded.

Reversed and remanded.