# Hutto & Arnold *v.* Garner, *et al.*

*Detinue.*

(Decided February 11, 1913.   61 South. 477.)

1. *Mortgages; Recording; Removal of Property; Bona Fide Purchaser.*—Where a mortgage was given on a horse and recorded in the county where given and where the property is, and the property is removed to another county and sold before the expiration of the three months period for recording in such other county, the purchaser at such time does not acquire a good title, and cannot acquire such title by selling the horse after the expiration of the three months period to a purchaser in good faith, and then repurchasing it, as he was chargeable with notice at the time of his first purchase and cannot gain the advantage accrued to his vendee as a result of his purchase without notice.

2. *Trial; Objections to Evidence; Showing Same.*—Where the bill of exceptions states that defendant objected to the introduction in evidence of a mortgage on the ground that there was an erasure in it, which was referred to in the objection, but the bill of exceptions fails to show that there was in fact such an erasure, or that the objection was founded in fact, was insufficient to support the objection.

3. *Evidence; Best; Mortgages.*—It was not error to sustain an objection to a question as to whether or not the defendant had a mortgage on a horse prior to plaintiff's mortgage as the mortgage was the best evidence.

APPEAL from Henry Circuit Court.

Heard before Hon. P. A. McDANIEL, Special Judge.

Detinue by Mary W. Garner and others, against Hutto & Arnold. Judgment for plaintiffs, and defendants appeal. Affirmed.

W. O. LONG, for appellant. By purchase of the horse from a vendee without notice after the expiration of the ninety day period for recording the mortgage, defendants acquired a good title, and the court erred in refusing the special charges.—Section 3378, Code 1907; *Wilkerson v. King,* 81 Ala. 168; *Pollak v. Davidson,* 87 Ala. 551. The mortgage had never been re-

[Hutto & Arnold v. Garner, et al.]

corded in Henry county, was not self-proving, and was not admissible.—*Jones v. The State,* 113 Ala. 95; Section 4004, Code 1907 .

J. E. ACKER, for appellee. Hutto & Arnold purchased before the expiration of the ninety day period, and it was never necessary to record the mortgage in their county to fix liability on them.—*Malone, et al. v. Bedsole,* 93 Ala. 41. The law will not tolerate the idea of a party building up a title in himself by his own wrongful acts, and the introduction of an innocent medium.—*Southern H. & S. Co. v. Lester,* 166 Ala. 96. There was no error in the admission or rejection of evidence.

WALKER, P. J.—The plaintiffs (appellees here) claimed the horse sued for under a mortgage executed by one Newsome in January, 1910. Newsome lived in Dale county, and, at the time the mortgage was executed, the horse was in that county. On the day of its execution, the mortgage was duly filed for record in the office of the judge of probate of Dale county. It was never recorded elsewhere. On January 6, 1911, Newsome removed the horse to Henry county, and there, on that day, traded it to the defendants. The defendants kept the horse in Henry county until the following June, when they sold it to one Deal, who subsequently, in January, 1912, resold it to them. When the defendants made the purchase from Newsome in January, 1911, they were chargeable with notice of the mortgage by the record of it in Dale county; three months not having elapsed after the date of the removal of the mortgaged property from that county. But when Deal bought the horse in June, 1911, he was not chargeable with notice by the recording of the mortgage in Dale county, as at that time more than three months had

elapsed after the removal of the horse to Henry county. In such case, a mortgage, which has been recorded only in another county from which the property covered by it has been removed, "ceases to have effect after such three months against creditors or purchasers of the grantor without notice."—Code, § 3386; *Malone v. Bedsole*, 93 Ala. 41, 9 South. 520.

The appellants claim that, by their re-purchase from Deal, they acquired as good a title as he had. In support of this claim, they invoke the rule that a purchaser, with notice from one who acquired the property in good faith and without notice, is entitled to the benefits of the position of his vendor.—*Whitfield v. Riddle*, 78 Ala. 99. But as was said in the opinion rendered in the case of *Lockwood v. Tate*, 96 Ala. 353, 11 South. 406: "An exception to this rule obtains when the property is reacquired by the original party who had obtained it with notice of the superior equity of another. It is not necessary, for the protection of the subsequent holder in good faith, to permit such original party to shelter himself under the former's good faith. All other persons may acquire the property from him, unburdened by the equity which was not disclosed when he became the purchaser for value and in good faith. Only one customer is removed from the market. The party who originally perpetrated the wrong will not be permitted to reap the benefit of it. If the estate becomes revested in him, the original equity will attach to it in his hands." The exception to the general rule which is invoked, as well as the rule itself, applies under the recording acts.—24 Am. & Eng. Ency. of Law (2d Ed.) p. 135. The defendants, having acquired the horse from Newsome under such circumstances as to render them chargeable with notice of Newsome's previous mortgage of it, cannot be permitted to destroy the

[Hutto & Arnold v. Garner, et al.]

effect upon themselves of that notice by selling the mortgaged property to one who is not chargeable with notice of the mortgage, and then reacquiring it from him. The law does not enable them in this way to gain the advantage which accrued to their vendee as a result of his purchase without notice.

The bill of exceptions states that the defendants objected to the introduction in evidence of the mortgage above referred to on the ground that there was an erasure in it which was referred to in the objection; but the bill of exceptions fails to show that there was in fact such an erasure. It is not made to appear that the objection was well founded in fact, or that the court was in error in overruling it.

The court was not in error in sustaining objections to questions asked one of the defendants as to Newsome mortgaging the horse in question to them before he executed the mortgage under which the plaintiffs claimed. If there was such a transaction, and if evidence of it was admissible in this case, the mortgage itself was the best evidence.

Under the evidence in the case, the plaintiffs were entitled to recover, and the court was not in error in giving the general affirmative charge requested in their behalf.

Affirmed.