## Pulaski Mule Company *v.* Haley & Koonce.

*Trover.*

(Decided June 11, 1914. Rehearing denied June 30, 1914. 65 South. 783.)

1. *Sales; Conditional; Recordation; Necessity.*—Under section 3394, Code 1907, a conditional sale contract though duly recorded in the county of the purchaser's residence, must within three months after the removal of the property to another county be recorded in that county although the property was sold in the meantime.

2. *Same; What Law Governs.*—Where personal property sold in Tennessee under a contract whereby the seller reserved title until payment of the purchase price, was brought into Alabama, the fact that the laws of Tennessee do not require the recordation of such contract, does not affect the duties of the seller to record the contract in Alabama, the Alabama law requiring the recordation of such contract.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Trover by the Pulaski Mule Company against Haley & Koonce for the conversion of two mules. Judgment for defendant and plaintiff appeals. Affirmed.

C. E. JORDAN, SANDERS & THACH and CALLAHAN & HARRIS, for appellant. The main point of contention is

the proper construction of § 3394, Code 1907, relating to the recordation of conditional sales. The title note being a Tennessee contract, it was unnecessary to record them in Tennessee.—Supplement to Shannon's Compilation Acts of Tennessee, p. 637; 9 Lea. 81; 11 Hump. 51; Meigs 76; 2 Head 203. The vendors had 90 days to record their note after the property was removed to Alabama, and 90 days thereafter where it was removed from one county to another.—§ 3394, Code 1907; *Malone v. Bedsole,* 93 Ala. 41; *Hutto v. Gardner,* 61 South. 477; *Mathis v. Thurman,* 143 Ala. 560; *Tea v. Chapman & Co.,* 56 South. 267. The rights of the purchaser were fixed as of the date of the purchase, and if he acquired no title then, his subsequent possession could give him none.—*Brainard v. McDevitt,* 21 Ala. 119; *Durden v. McWilliams,* 31 Ala. 206, and authorities next above. Exercising a dominion over the property in defiance of plaintiff's right is a conversion.—*Stafsky v. So. Ry.,* 143 Ala. 272; *Jesse French Co. v. Johnson,* 37 South. 824.

GEORGE P. JONES and KIRK, CARMICHAEL & RATHER, for appellee. Under § 3394, Code 1907, the contract should have been recorded in Lauderdale county within three months from the time the property was removed to such county, regardless of whether it was a Tennessee or Alabama contract, and notwithstanding appellee purchased the mules immediately on their arrival in Lauderdale, and within the three months after their coming into the county.—*Winston v. Hodges,* 102 Ala. 303; *Lynn v. Broyles F. Co.,* 3 Ala. 634; *Weinstein v. Fryer,* 93 Ala. 257; *Brandon P. Co. v. Bostick,* 126 Ala. 247; *Ames Co. v. Slocomb M. Co.,* 166 Ala. 99; *Bass, et al. v. International H. Co.,* 169 Ala. 164. Under these authorities the proper judgment was rendered

GARDNER, J.—This cause was transferred to this court from the Court of Appeals under the provisions of Acts 1911, p. 449. The suit is in trover, for the conversion by defendants of two mules, the property of the plaintiff (appellant here).

The facts pertinent here to be considered are as follows: One C. O. King resided in Athens, Limestone county, Ala., from September 1, 1911, to July 1, 1912; and was there engaged in buying and selling mules and horses. On November 10, 1911, he purchased the two-mules in controversy from the plaintiff, Pulaski Mule Company, in Pulaski, Tenn., giving what we will here call a "retention title note," and immediately brought the said mules to the place of his residence, Limestone county, Ala. This "retention title note" was filed for record in said Limestone county, November 20, 1911. The defendants in Lauderdale county, Ala., bought said mules from said King, paying therefor a valuable consideration, on the 18th day of November, 1911. The said note does not appear to have been filed for record in Lauderdale county, the same having only been so filed in Limestone county on November 20, 1911, as above stated. There is nothing to indicate that defendants had any actual notice of the claim of plaintiff, nor is there any sufficient evidence that they had notice of any facts which were such as, if pursued, would lead to notice of such claim. This suit was brought January 24, 1913.

The question, treated by counsel as decisive of this case, relates to the construction of section 3394 of the Code of 1907, as applicable to the above state of facts.

The property was brought into this state subject to the condition of retention of title in the plaintiff, and the note was recorded in the county to which such property was brought, within the time allowed by said sec-

tion. It was removed from said county, however, into Lauderdale county, and there sold, and the note was never there recorded. The question for decision therefore is: Does the registration of the note in Limestone serve as constructive notice after the removal into Lauderdale, until after expiration of three months as provided by statute?

That such would be the rule as to mortgages on such personalty, under the language of section 3386 of the Code of 1907, seems to be well settled.—*Malone & Collines v. Bedsole,* 93 Ala. 41, 9 South. 520; *Hutto & Arnold v. Garner,* 7 Ala. App. 412, 61 South. 477.

The authorities cited by counsel for appellant relate to the above section (3386) of the Code, and some to section 3390, but they do not have reference to section 3394 of the Code, with which we are here concerned. In the particular here under consideration, the language of section 3386 is unlike that of section 3394. In the former, it is provided that, if the mortgaged property is removed to a different county from that in which the grantor resides, the conveyance must be recorded in such county within three months from the removal, *or it ceases to have effect after such three months*, against creditors or purchasers without notice.

In construing this section this court has attached importance to the above-underscored language, to wit, "shall cease to have effect after such three months," and has held that such words import an intent and purpose to protect purchasers only who acquire title after the expiration of the time when the mortgage ceases to have effect.

Section 3394 of the Code contains no such language, but declares all such contracts for the conditional sale of personal property, as therein mentioned, void, as to such conditions, as against purchasers for value, mort-

gagees, and judgment creditors, without notice thereof. unless such contracts are in writing and are recorded as therein provided.

This section received construction by the Court of Appeals in the case of *Lynn v. Broyles Furniture Co.*, 3 Ala. App. 634, 57 South. 122. It was there said: "It was the evident purpose of the Legislature in calling into existence the statute providing for the registration of instruments evidencing conditional sales of personal property to requre, for the protection of innocent purchasers, mortgagees, and judgment creditors without notice, that, in the event any of the property covered by such instrument was removed from the county in which the sale was made and the property situated, into some other county, such instrument should be recorded within 90 days after such removal in the county into which such property was removed, and that, unless so recorded within 90 days, such instruments should be void as against the parties for whose protection the statute was designed."

It is practically admitted by counsel for appellant that the above case of *Lynn v. Broyles Furniture Co.* is directly in point in so far as the language used is directed at a construction of this section, and if concurred in by this court is decisive of this case, unless the fact that this property was brought into this state makes an exception.

We do not find that the above authority is in conflict with any decisions of this court, and none have been so cited by counsel.

In the case of *Winston v. Hodges*, 102 Ala. 304, 15 South. 528, the court had under review section 1810 of of the Code of 1886 (section 3383, Code of 1907), where the language used was of similar import, in the respect here being considered, as is found in section 3394, and

wherein it was pointed out in such opinion that the statute expressly provided that conveyances not recorded, were void as to purchasers for a valuable consideration unless recorded within 30 days.

The language of said section 3394 of the Code likewise declares void such conditional contracts as to the condition unless recorded as therein provided. It requires that upon the removal of the property to another county the contract must be again recorded within three months of the time of such removal within the county to which it is removed. The purchaser buys at his peril that the contract will be recorded within the time. On the other hand, the purchaser buying within the three months for value and without notice, the contract not being recorded within said time after its removal, is protected.

We are of the opinion that the construction given this section in *Lynn v. Boyles, supra,* is entirely justified, and we concur in that opinion. Counsel for appellant insist, however, that this case may be taken from without the influence of said authority by reason of the fact that said section provides a period of three months for registration of the contract, when the property is brought into this state, subject to the condition, and that therefore, when such is the case, such registration is sufficient for all purposes. We do not think this section can be so construed.

"In construing a statute the court should give to it that construction which will effectuate the purpose of the Legislature in passing it. * * * Our registration statutes are remedial in their nature, for they are designed to give notice that creditors and purchasers may not be deluded and defrauded. * * * 'A remedial statute must be construed largely and beneficially, so as to suppress the mischief and advance the remedy.'"
—*Lynn v. Broyles, supra.*

The clear purpose of the Legislature was to protect innocent purchasers, mortgagees, and judgment creditors, without notice. To the holder of such contract, when the property is brought into this state subject to such condition, the Legislature has seen fit to give the additional time of three months, within which the contract must be recorded in the county into which the property is brought. The section provides, however, that upon removal of the property to another county the contract must again be recorded within three months from the time of such removal, in the county to which it is removed. As to this there are no exceptions. The language is emphatic, and there is nothing to indicate that, when the property is brought into this state subject to the condition, such contracts are not within the influence of this provision. There is here no such exception. It is a remedial statute, designed for the protection of innocent purchasers, mortgagees, and judgment creditors, and should be given a liberaal construction to effectuate its purpose. Such rule of construction forbids an extension of the statute as is here contended, so as to except from its operation such contracts as we here have. We cannot so construe it, and therefore conclude that the contract (the "retention title note") should have been recorded in Lauderdale county, to which county it was removed and where the property was by the defendants purchased, within three months after such removal. This was not done, and defendants, having purchased in good faith without notice, acquired a good title.

We think the result the same, whether we consider the contract as complete and executed in Tennessee, or in Alabama.

"The consequence of an omission to record a mortgage depends upon the terms of the statute, which makes

registration necessary for the protection of creditors and purchasers."—*Johnson v. Hughes,* 89 Ala. 588, 8 South. 147.

"The rule that the validity, interpretation, and legal effect of a contract are governed by the lex loci contractus applies only to the determination of the rights and obligations of the parties to the contract. \* \* \* 'But the right of priority forms no part of the contract itself. It is extrinsic, and is rather a personal privilege dependent upon the laws of the place where the property lies, and where the court sits which is to decide the cause.' \* \* \* The omission to record operates in the nature of a forfeiture of the reservation of title as to creditors and purchasers. The question is not one of validity and construction, but of notice by registration and priority of right. The failure to record does not divest the original vendor of the title, but debars its assertion against third parties, conferring on them, if creditors, a lien, and, if purchasers, a right, prior and superior to the vendor's reservation of title."—*Weinstein v. Freyer,* 93 Ala. 257, 9 South. 285, 12 L. R. A. 700.

If it should be held that the contract here was a Tennessee contract, as contended by counsel, under the authority of *Brandon Printing Co. v. Bostick,* 126 Ala. 247, 28 South. 705, the fact that the laws of Tennessee did not require registration thereof could therefore have no bearing on the result of the case, as appears from the foregoing quotation.

It may be that there does not exist sufficient reason why the rules applicable to sections 3386 and 3394 of the Code should be different. That the distinction does exist in the particular herein pointed out, we think clear from the language used and the authorities to which we have referred. It is sufficient for the court to know

that it does exist, and whether as matter of policy the rule should be the same we are not concerned. The statutes are so written; this is sufficient.

The court below properly gave the affirmative charge for the defendants, and the judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.