40 So.2d 649

### JACKSON et al. v. PARKER.
#### 4 Div. 533.

Supreme Court of Alabama.
April 21, 1949.

J. C. Fleming, of Elba, for petitioner.

C. L. Rowe, of Elba, opposed.

LAWSON, Justice.

On August 16, 1947, one James H. Rogers, a resident of Coffee County, secured an automobile from Jackson & Sons, a Covington County automobile dealer, by paying a part of the purchase price in cash and entering into a conditional sale contract for the balance, under the terms of which contract the title to the automobile remained in the seller until payment of all the purchase price.

On August 18, 1947, two days after he secured the automobile and, of course, before he had paid all the purchase price, Rogers took it to Pike County, where he sold it for a cash consideration to Dismukes Motors. On August 20, 1947, Dismukes sold the automobile to one Cecil Parker.

Jackson brought this detinue suit against Parker to recover possession of the automobile, contending, of course, that in view of the conditional sale contract Rogers had no title to convey. Parker's title, of course, depended on that of Dismukes. It was Parker's contention that Dismukes purchased the automobile from Rogers for a valuable consideration and without notice of the conditional sale contract; that Jackson had not recorded the said contract as required by § 131, Title 47, Code 1940, as amended, and that, therefore, said contract was void as far as Dismukes was concerned.

As here pertinent, § 131, Title 47, Code 1940, as amended, reads as follows: " * * * contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property * * * are * * * void against purchasers for a valuable consideration * * * without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also

the county in which such property is delivered and remains; and if before the payment of the purchase money or the sum or value stipulated, the property is removed to another county, the contract must be *again* recorded within three months from the time of such removal, in the county to which it is removed * * *". (Emphasis supplied.)

It seems to be admitted that Dismukes did not have actual notice of the fact that Rogers did not have title to the automobile. So under the provisions of § 131, Title 47, supra, the conditional sale contract was void as to Dismukes unless the requirements of § 131, Title 47, supra, as to recordation of the contract were complied with.

At the time the automobile was sold by Rogers to Dismukes (August 18, 1947), the contract had not been recorded in Coffee County, the county where Rogers lived, or in Pike County, the county to which the automobile had been removed and in which it was sold. The contract was thereafter recorded in Coffee on September 11, 1947, and in Pike on September 15, 1947.

The trial was had before the court without a jury. There was a judgment for defendant. On appeal to the Court of Appeals the judgment of the trial court was reversed and one there rendered in favor of the plaintiff below.

The Court of Appeals in effect held that the failure of Jackson to record the contract in Coffee County before the automobile was sold by Rogers to Dismukes in Pike County did not render said contract void in so far as Dismukes was concerned; that Jackson had three months from the time the automobile was moved into Pike County within which to record the contract in that county; that since they did record it in Pike County within the period of three months, the contract was not void as to Dismukes, and that therefore Jackson was entitled to recover possession of the car from Parker.

We cannot agree with the conclusion reached by the Court of Appeals. We are of the opinion that the failure of Jackson to record the contract in Coffee County prior to the time the automobile was sold in Pike County rendered inefficacious the recordation of the contract in Pike County subsequent to the sale, although done within three months from the date the automobile was brought into Pike County.

It is true that we have held that the recordation in the county of the residence of the vendee affords no protection to the vendor where the vendee removes the property to another county and there sells it to a purchaser for value without notice. In such case the vendor must again record the contract in the county to which the property is removed within three months from the date of such removal. Pulaski Mule Co. v. Haley & Koonce, 187 Ala. 533, 65 So. 783, Ann.Cas.1916A, 877. In the case last cited reference is made to the distinction which has been drawn between the provisions of what is now § 131, Title 47, Code 1940, as amended, and the terms of § 123, Title 47, Code 1940.

But our registration statutes were not designed for the protection of the vendor, but to give notice that purchasers and others may not be deluded and defrauded. Lynn v. Broyles Furniture Co., 3 Ala.App. 634, 57 So. 122.

Although the recordation in the county of the residence of the vendee is not constructive notice to a purchaser beyond the boundaries of that county, nevertheless we think the legislature intended to require the vendor to record the contract in the county of the residence of the vendee so as to enable any prospective purchaser within this state to resort to the records of that county for information concerning the status of the property in the possession of a resident of such county.

The conclusion which we have here reached is not in conflict with the cases relied on in the opinion of the Court of Appeals. In those cases the vendor had failed to record the instrument in the county to which the property had been removed within the three-months period. In neither of those cases was consideration given to the question here presented, namely, the failure of the vendor to record the contract in the county of the residence of the vendee prior to the time the property was sold. In the Lynn case, supra, the vendor by local legislation was expressly relieved

from the necessity of recording the contract in the county of the residence of the vendee. In the Pulaski Mule Co. case, supra, the contract was timely filed in the county of the residence of the vendee.

The judgment of the Court of Appeals is reversed and the cause remanded to that court.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.