45 So.2d 1

HARRIS MOTORS, Inc. v. UNIVERSAL C. I. T. CREDIT CORPORATION.

1 Div. 375.

Supreme Court of Alabama.
Feb. 2, 1950.

Rehearing Denied March 9, 1950.

Outlaw, Seale & Kilborn, of Mobile, for appellant.

Sidney J. Gray, of Mobile, for appelleé.

FOSTER, Justice.

The question in this case may be simply stated and it is, whether or not a purchaser of an automobile in this State is protected against a conditional sales contract made in another state, when such automobile is immediately thereafter brought into this State and immediately sold to such purchaser for cash without notice of the conditional sales contract and when such conditional sales contract is not recorded within the three months as provided by section 131, Title 47, Code; but when within said three months the conditional sales vendor brought a suit against such purchaser in this State for the conversion of the automobile, he having sold and disposed of it in the meantime. The suit served to give notice to the purchaser in Alabama of the existence of the conditional sales contract within the three month period.

To state the facts in detail they are that one Calvert lived in Mobile County and, on December 13, 1948, he went to Pensacola, Florida, and there bought from the Muldon Motor Company a Chevrolet automobile and executed a conditional sales contract. The seller immediately transferred said contract to the plaintiff in this case, the Universal C. I. T. Credit Corporation. Calvert on the same day on which he purchased the automobile brought it to Mobile, Alabama, and by the use of a faked bill of sale showing himself to be the purchaser the previous year and switching the license plate from a Florida to an Alabama tag, sold it to the defendant Harris Motors (appellant here) for a cash consideration then and there paid. The Harris Motors had no notice of any infirmity in the title of Calvert, such as the conditional sales contract. On December 28, 1948, Harris Motors sold the Chevrolet to a resident of Mississippi where the car was immediately carried and there left. On January 11, 1949, and within three months from December 13, 1948, the plaintiff brought this suit against Harris Motors in Mobile County for the conversion of the car. The conditional sales contract was not recorded in Mobile County.

■ The question is, did the notice which Harris Motors received by reason of the suit filed January 11, 1949, serve to dispense with the record of the contract within the three month period after December 13, 1948? Our decisions are to the effect that leaving out of consideration the matter of notice by bringing suit, if the contract under these circumstances was not recorded in Mobile County within the three month period from the time when the car was brought into Mobile County, which was the same day upon which it was sold to the defendant, the title which Harris Motors obtained would not be affected by the conditional sales contract. In other words, unless so recorded the condition in such conditional sales contract is void against a purchaser for valuable consideration without notice thereof. This defendant, Harris Motors, was a purchaser for value and without notice of any such conditional sale. The subsequent recording of the contract was not for the purpose of giving him notice because notice to him after such purchase could avail him nothing and the recording of a conditional sales contract after such purchase by him would be of little benefit to him. But the statute is specific and has long since been construed to mean just what it says that unless it is so recorded within three months the condition in the instrument is void as against a person who may have purchased said property for value and without notice within said period of three months. It is so said in Lynn v. Broyles Furniture Co., 3 Ala.App. 634, 57 So. 122, 124. That statute was also there construed to mean that the omission to record operates in the nature of a forfeiture of a reservation of title as to such purchaser and that "the failure to record does not divest the original vendor of the title, but debars its assertion against third parties, conferring on them * * * a right prior and superior to the vendor's reservation of title.

We have frequently treated the case last cited as an authoritative construction of this statute and applied it to various situations. Pulaski Mule Co. v. Haley & Koonce, 187 Ala. 533, 65 So. 783, Ann.Cas. 1916A, 877; Jackson v. Parker, 252 Ala. 167, 40 So.2d 649.

■ The result of all of our cases shows that the recording of the mortgage within

the three month period, but after the purchase of the property, which has been brought into the State subject to a conditional sales contract, was not for the purpose of giving notice to one who has already become a bona fide purchaser without notice. We have said notice to him then would serve no good purpose. The statute simply destroys the retention of title by the vendor in his contract as to such purchaser unless it is recorded within three months, although the purchase may also have occurred within the three months. This statute requires, in order for the vendor to retain his title as to such purchaser, that his contract be thus recorded although the purchase was made before it was recorded but within the three month period.

The bringing of the suit within the three months, but after the purchase was made by the defendant for value and without notice was not a compliance with the mandatory, explicit provisions of the statute. Winston v. Hodges, 102 Ala. 304, 15 So. 528; In re Dancy Hardware & Furniture Co., D.C., 198 F. 336.

This case was tried by the court without the intervention of a jury and judgment was rendered for plaintiff against the defendant for the conversion of the automobile. In doing so, we think the court failed to give the proper interpretation to section 131, Title 47, Code, and that a judgment should have been rendered in favor of the defendant, appellant here. The judgment of the circuit court is therefore reversed and one is here rendered acquitting and discharging the defendant from liability as claimed, and adjudging that he go hence and recover his costs in this behalf expended both in this Court and in the circuit court.

Reversed and rendered.

BROWN, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.

### On Rehearing

FOSTER, Justice.

We are called upon to give expression to that feature of section 131, Title 47, Code, which is here controlling and provides that "if any such property is brought into this state while subject to such condition, the contract of sale * * * must within three months thereafter be recorded in the county into which the property is brought *and remains*".

The automobile here in question was brought into this State and into Mobile County on December 13, 1948, subject to such a contract. It was immediately, on the same day, sold to appellant for cash without notice. On December 28, 1948, appellant sold it to a resident of Mississippi, where the car was immediately carried. We have had no case construing the words "and remains" in that connection. We think it means that it applies to a county into which the property is carried from without the State with the present intention of it remaining there for an indefinite period. If it is sold in a county into which it is carried before the contract is there recorded, it must, for the contract to be effective as to such purchaser for value without notice, be recorded in that county within three months after it is carried there if the purchaser has, when he purchased, no intention of presently removing it to another county or other state, although it is thereafter removed into another county or state within said period of three months. We do not think that appellant's rights are affected by the fact that on December 28, 1948, the car was sold to a resident of Mississippi by appellant, and that it was then carried to Mississippi and kept there, for there is nothing to indicate that it was not the purpose of appellant when he bought the car to keep it for an indefinite period in Mobile County.

Appellee also renews its insistence on this application for rehearing that the defense provided by the statute must be specially pleaded. But this is an action of trover and the plea of not guilty puts in issue every matter which might be pleaded in bar except a release. Kelley v. Cassels, 226 Ala. 410, 147 So. 597; First National Bank of Gadsden v. Burnett, 213 Ala. 89, 104 So. 17; section 225, Title 7, Code.

**424**

There is no release here involved, either in terms or effect.

The application for rehearing is overruled.

BROWN, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.