44 So.2d 737

**CANNADY et al. v. JINRIGHT.**

**3 Div. 543.**

Supreme Court of Alabama.

March 2, 1950.

342

Hill, Hill, Stovall & Carter, of Montgomery, for appellee.

Hill, Hill, Whiting & Harris, of Montgomery, for appellants.

LAWSON, Justice.

This is a suit by James T. Jinright against Hanna Motor Company, Inc., and B. L. Cannady. The complaint was finally amended so as to leave only count 2, which charged the defendants with the conversion of an automobile. The defendants interposed a number of pleas, but plaintiff's demurrer was sustained as to all pleas except 5, 6, 7, and 8.

The trial court gave the general affirmative charge with hypothesis in favor of the plaintiff. There was verdict for plaintiff. Judgment was in accord with the verdict. The defendants have appealed to this court.

Immediately after the suit was filed, the defendants moved that the cause be transferred to the equity side. Plaintiff's demurrer to this motion was sustained. This action of the court is assigned as error. Demurrer is the proper method to test the motion. Ex parte Brown & Co., 240 Ala. 157, 198 So. 138. It is well settled that such action of the trial court is not reviewable on appeal from a final decree. Allison v. Owens, 248 Ala. 412, 27 So.2d 785; Esslinger v. Spragins, 236 Ala. 508, 183 So. 401. Mandamus is the proper remedy. Ex parte Brown & Co., supra.

It is a settled rule of pleading that in an action of trover the plea of not guilty puts in issue every matter of defense which might be specially pleaded in bar, excepting release, and that there can be no necessity for encumbering the record with special pleas. Sullivan v. Miller, 224 Ala. 395, 140 So. 606; Bryan v. Day, 225 Ala. 687, 145 So. 150. It follows that there was no error committed by the court of which the defendant can complain in sustaining demurrer to the defendants' pleas 1, 2, 3, 4, 9, and 10. Sullivan v. Miller, supra.

On June 2, 1948, one Robert Morris, Jr., a resident of Chilton County, secured an automobile from Hanna Motor Company, a Jefferson County automobile concern, by making a down payment and entering into a conditional sale contract for the balance, under the terms of which contract the title to the automobile remained in the seller, the Hanna Motor Company, until payment of all the purchase price.

The conditional sale contract was recorded in Chilton County on, to wit, June 9, 1948.

Morris brought the automobile to Montgomery County and on July 22, 1948, executed a bill of sale to the said automobile to McGough Chevrolet Company, a Montgomery concern. The McGough Company had no knowledge of the conditional sale contract under which Morris had secured the automobile from Hanna Motor Company.

On July 26, 1948, the McGough Company purported to sell the automobile to the plaintiff, James T. Jinright, who immediately drove it to his home, Troy, Pike County, Alabama, where it remained until November 24, 1948. Jinright had no knowledge of the aforementioned conditional sale contract.

The defendant, B. L. Cannady, an agent of the defendant, Hanna Motor Company, located the car in Jinright's possession in Troy, Alabama, and on November 24, 1948, secured possession on behalf of his principal. This suit was instituted shortly thereafter.

Jinright's title, of course, depends on that of McGough Chevrolet Company. It was Jinright's contention that McGough Chevrolet Company purchased the automobile from Morris for a valuable consideration and without notice of the conditional sale contract; that Hanna Motor Company had not recorded the said contract as required by § 131, Title 47, Code 1940, as amended, and that, therefore, said contract was void as far as McGough Chevrolet Company was concerned.

As here pertinent, § 131, Title 47, Code 1940, as amended, reads as follows: " * * * contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property * * * are * * * void against

purchasers for a valuable consideration * * * without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and remains; and if before the payment of the purchase money or the sum or value stipulated, the property is removed to another county, the contract must be again recorded within three months from the time of such removal, in the county to which it is removed; * * *."

■ The conditional sale contract was never recorded in Montgomery County nor in Pike County. The pertinent provisions of the law now codified as § 131, Title 47, Code 1940, as amended, have been construed by the appellate courts of this state on several occasions. Such provisions have been construed to mean that unless the conditional sale contract is recorded, as therein provided, it is void as against a person who may have purchased the property covered by the contract for value without notice. Harris Motors, Inc., v. Universal C. I. T. Credit Corp., Ala.Sup., 45 So.2d 1;[1] Jackson v. Parker, 252 Ala. 167,.40 So.2d 649; Pulaski Mule Co.· v. Haley & Koonce, 187 Ala. 533, 65 So. 783, Ann.Cas. 1916A, 877; Harris v. Leeth Nat. Bank, 21 Ala.App. 83, 105 So. 434; Lynn v. Broyles Furniture Co., 3 Ala.App. 634, 57 So. 122.

Appellants contend that the provisions of § 131, Title 47, supra, have no application to the instant case in that McGough Chevrolet Company was not a purchaser for a valuable consideration without notice. We cannot agree with this contention.

It is not insisted that the McGough Company had actual notice of the existence of said contract. But appellants do contend that since the McGough Company knew that Morris was a resident of Chilton County and that the automobile bore a Chilton County license tag, it was incumbent upon that company to make investigation in the office of the judge of probate relative to the recordation of the conditional sale contract covering the automobile, and that the failure to do so deprives the McGough Company of the status of an innocent purchaser without notice.

■ True, it is incumbent upon the vendor to record the contract in the county of the residence of the purchaser, as was done in this case. Unless it is so recorded, a timely recordation in a county to which the property is removed is unavailing. Jackson v. Parker, supra. In this case last referred to we said: "Although the recordation in the county of the residence of the vendee is not constructive notice to a purchaser beyond the boundaries of that county, nevertheless we think the legislature intended to require the vendor to record the contract in the county of the residence of the vendee so as to enable any prospective purchaser within this state to resort to the records of that county for information concerning the status of the property in the possession of a resident of such county." 40 So.2d 651.

We did not intend by the use of such language to leave the impression that unless such a· purchaser makes an investigation of the records in the office of the judge of probate of the county in which the person in possession of the property resides, where such county of residence is known to the purchaser, that the latter cannot be said to be a purchaser for value without notice.

■ Appellants next insist that "this statute(Title 47, § 131, as amended), does not protect persons who become purchasers within three months after the date of the removal of the goods into another county. To be protected, they must be *purchasers after the lapse* of three months and before record of the contract in the county to which the goods have been removed." We have quoted here from brief filed on behalf of appellants.

There is no merit in this contention. We ·have held expressly to the contrary. In Pulaski Mule Co. v. Haley & Koonce, supra, we .said: "The language of said

1. Post, p. 420.

section 3394 of the Code [§ 131, Title 47, Code 1940, as amended] likewise declares void such conditional contracts as to the condition unless recorded as therein provided. It requires that upon removal of the property to another county the contract must be again recorded within three months of the time of such removal within the county to which it is removed. The purchaser buys at his peril that the contract will be recorded within the time. On the other hand, the purchaser buying within the three months for value and without notice, the contract not being recorded within said time after its removal, is protected." 187 Ala. 538, 65 So. 785.

To like effect see Lynn v. Broyles Furniture Co., supra; Harris Motors, Inc., v. Universal C. I. T. Credit Corp., supra.

 The ninety-day period in which the vendor has to record the contract in the county to which it is removed begins to run on the date of such removal. This is the express language of the statute. We cannot agree with the appellant's contention that such period of time does not begin to run until the vendor has notice of such removal.

Defendant's plea 5 sets up a release or transfer of plaintiff's interest in the automobile to the defendant, Hanna Motor Company. There is no evidence which even tends to support this plea. When Cannady, the agent of the Hanna Motor Company, contacted Jinright, the plaintiff, he advised him that he, Jinright, had no title to the automobile in that it had been sold by Hanna Motor Company to Morris under a conditional sale contract, which had been recorded. Jinright then turned the automobile over to the agent. Cannady, upon Cannady's paying him an amount equal to the sum which Jinright had expended on certain accessories which he had placed on the car since he purchased it. But there is nothing in this evidence to support the inference that the payment of this money by Cannady, the agent of Hanna Motor Company, was for a release of Jinright's interest in the automobile.

Before suit was instituted, Jinright tendered the amount of money paid to him by Cannady for the accessories and demanded the return of the automobile. The tender and the demand were refused. Upon the filing of the suit Jinright, the plaintiff, paid into court the amount of money which he had received from Cannady.

We have given careful consideration to all the evidence in this case and are clear to the conclusion that the trial court did not err in giving the affirmative charge with hypothesis at the request of plaintiff.

The judgment of the circuit court is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.