130 So.2d 357

**Harold DENSON**

v.

**COMMERCIAL CREDIT CORPORATION.**

**7 Div. 459.**

Supreme Court of Alabama.

May 25, 1961.

Barnes & Smith, Gadsden, and T. J. Carnes, Albertville, for appellant.

Lusk, Swann & Burns, Gadsden, for appellee.

GOODWYN, Justice.

This is a detinue suit brought by appellee, Commercial Credit Corporation, against appellant, Harold Denson, in the circuit court of Etowah County to recover a 1957 Dodge station wagon. From a judgment rendered on a jury verdict in favor of plaintiff, the defendant brings this appeal.

On December 21, 1957, one Jimmy D. Morris, a resident of Sheffield, in Colbert County, Alabama, executed an instrument (hereinafter described and determined to be a conditional sale contract) with Killen Motors, Inc., of Florence, in Lauderdale County, Alabama, in connection with the purchase by Morris from Killen of the automobile here involved. There appears to be no dispute that the automobile was immediately removed to Colbert County where Morris resided. The instrument was transferred to appellee on December 23, 1957. On January 10, 1958, a copy of the instrument, in part, was filed for record in the probate office of Colbert County. From the latter part of March or the first part of April, 1958 (the exact time is not clear), until about May 24, 1958, Morris did some hauling work for one J. Q. Hilley, of Boaz, in Marshall County, Alabama. During this period the automobile was seen in Boaz and also in Florence (Lauderdale County), Sheffield (Colbert County) and Etowah County. On June 4 or 10, 1958 (it is not clear on which of these dates), appellant purchased the car from Morris in Etowah County where appellant resided and had an established place of business. The instrument was never recorded in Marshall County. It was filed for record in Etowah County on August 7, 1958.

It appears that the purchase instrument was executed in duplicate. One copy, received in evidence as plaintiff's Exhibit No. One, is, in substance, as follows:

"Conditional Sale Contract

"Florence, Ala. Dec. 21, 1957    5215
    Book 714 page 51    251
"Between Jimmie D. Morris    2414
    15th Ave.    Sheffield, Ala.    Purchaser
"And Killen Motors, Inc.    300 E.
    Tenn. St.    Florence, Ala.    Seller

"Purchaser * * * hereby purchases from Seller on the terms and conditions set forth below, and Purchaser acknowledges delivery, examination and acceptance of the motor vehicle * * * described below, in its

present condition, for the Total Time Price of $3497.48, less Total Down Payment of $710.00, leaving a Total Time Balance of $2787.48, which Purchaser agrees to pay to the order of Seller at the office of Commercial Credit Corporation at Florence, Ala., in monthly payments or unequal payments as indicated below: Monthly Payments: 36 monthly instalments of $77.43 each, the first instalment payable Feb. 5, 1958 and each successive instalment payable on the same date of each and every month thereafter.

\*   \*   \*   \*   \*   \*

[Description of Automobile]
"Car will be kept at No. <u>above address.</u> * * *

"Purchaser agrees not to remove Car permanently from the filing district in which said address is located without the written consent of Seller.

"The terms of this purchase and sale are as set out above. Title * * * to Car, together with all equipment and accessories already thereon or hereafter added, remains in Seller until the Total Time Balance is paid in full. If Purchaser defaults, Seller may declare the unpaid portion of the Total Time Balance to be immediately due and payable and, without notice, retake possession of Car.

"[Signatures]"

■ It was this copy which was recorded in Colbert County on January 10, 1958, and in Etowah County on August 7, 1958. The other copy, received in evidence' as plaintiff's Exhibit No. Two, was not recorded. The recorded copy is clearly a conditional sale contract, subject to § 131, Tit. 47, as amended, and not a chattel mortgage. The fact that the unrecorded copy contains terms and conditions which might make it a chattel mortgage is of no significance. We are dealing here with recording statutes and our concern is with the recorded instrument.

The portion of § 131, as amended, here pertinent, is as follows:

"* * * contracts for the conditional sale of personal property by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property * * * are * * * void against purchasers for a valuable consideration * * * without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and remains. If before the payment of the purchase money or the sum or value stipulated the property is removed to another county, the contract must be again recorded, within three months from the time of such removal, in the county to which it is removed. * * *"

■ Whether the automobile was "removed" from Colbert County to Marshall County presented, as we view the evidence, a question to be resolved by the jury after receiving proper instructions with respect to the meaning of the term "removed" as used in amended § 131. However, the trial court, in its oral charge, stated several times it was for the jury to determine the meaning of the term. Appellant's exceptions thereto were overruled. In this, there was error.

■ Appellee takes the position that, if there was error, it was error without injury, because it was entitled to the affirmative charge with hypothesis as requested by it. The premise for this insistence is that Morris, at most, did not take the car

to Marshall County until the latter part of March, 1958; that, at most, it was in Marshall County until about May 24, 1958, a period of less than three months; that since the car was not in Marshall County for as long as three months there was no requirement that the contract be recorded there; and that the contract was recorded in Etowah County within three months after its removal there. In other words, we understand the argument to be that, assuming the car was removed to Marshall County the latter part of March and then removed to Etowah County on May 24th, thus remaining in Marshall County less than three months, the only recording required was the recording in Etowah County within three months after removal of the car there. On the other hand, appellant insists that even though the car was not in Marshall County as long as three months it was, nevertheless, essential that the contract be recorded there in order for the recording in Colbert and Etowah Counties to give protection to appellee. Appellant's position finds support in the following cases: Harris Motors v. Universal C. I. T. Credit Corporation, 253 Ala. 420, 45 So.2d 1; Cannady v. Jinright, 253 Ala. 341, 44 So. 2d 737; Jackson v. Parker, 252 Ala. 167, 40 So.2d 649; Pulaski Mule Co. v. Haley & Koonce, 187 Ala. 533, 65 So. 783. Although these cases were decided prior to passage of Act No. 225, appvd. July 23, 1953, Acts 1953, p. 291, last amending § 131, Tit. 47, the relevant provisions of the predecessor statutes dealt with in these cases are, in effect, the same as those contained in § 131, as last amended, applicable here.

For the error pointed out, the judgment is due to be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.