# Dowdell *et al v.* Empire Furniture and Lumber Company.

## *Trover for Conversion of Furniture.*

1. *Mortgage or conditional sale.*—A written contract between a company engaged in the manufacture of furniture and a retail dealer, which recites that the manufacturer has delivered a lot of furniture to the dealer, in consideration of which delivery the latter has executed to the company his three promissory notes, and that the legal title is retained by the company until these notes are paid, would, if uncontrolled by other stipulations, be a conditional sale, and not a mortgage; but, it being further stipulated that the notes were given to secure the prompt remittance of the invoice price of the furniture as therein specified, that good notes should be taken by the dealer for all the furniture sold by him, which should be transferred by him to the company as collateral security for his own notes, and all collections on them be credited on his notes, and that if default for ten days should be made in the payment of any one of his notes, the company should have power at once to take possession, without previous demand, of all the furniture remaining unsold, crediting the invoice price thereof on the unpaid note or notes,—these stipulations show an absolute debt for the invoice price of the furniture, as specified in the notes, and render the transaction a mortgage.

APPEAL from City Court of Montgomery.
Tried before Hon D. T. BLAKEY, special judge.

TROY, TOMPKINS & LONDON, for appellants.

ARRINGTON & GRAHAM, and RICE & WILEY, *contra.*

CLOPTON, J.—Appellee brings an action of trover to recover of defendants damages for the conversion of furniture which they purchased from Geo. B. Brown & Co. The agreement, under which the furniture was delivered to Brown & Co., by plaintiff was not in writing, but the evidence shows, that it was delivered upon the same terms and conditions of a previous written contract, made by the parties in

July, 1885. The rights of the parties depend upon the construction of this contract—whether it is a conditional sale, or a mortgage; for there can be no pretense that it is a consignment. If the instrument executed by the parties is a mortgage, the plaintiff is not entitled to recover, by reason of the statute, which declares: " A mortgage of personal property is not valid, unless made in writing and subscribed by the mortgagor."—Code, 1886, § 1731. In determining the nature and legal effect of the instrument, the name given to it by the parties, and its mere form, are inferior and unimportant considerations. However inartificially drafted, the controlling intention of the parties must be collected from its nature, their situation and the objects intended. All the provisions of the instrument should be considered in connection, whatever may be their relative order, one to the other. If the relation of debtor and creditor is created, and if it appears that security for the debt was intended, the general rule is, that it shall operate as a mortgage, though there may be no words of conveyance, and no power to sell on default.

The written agreement recites, that the Empire Furniture and Lumber Company has delivered to Brown & Co. a lot of furniture, and that in consideration of the delivery, they executed to the plaintiff their three several notes, payable respectively on the first day of October, November, and December, 1885, at Montgomery, Alabama, and the title to the furniture was retained by the company until payment of the notes according to their face. If this were all, if there were no other opposing and controlling provisions, the transaction would be a conditional sale, and the ownership of the property would not pass out of the company until performance of the condition. In a conditional sale, the vendor has the right to rescind the contract of sale upon failure of the vendee to perform the condition;. but in such case the debt contracted for the purchase price of the property is extinguished; and ordinarily, the vendee has no right or power to dispose of the property in the meantime. By the terms of the instrument, an unconditional debt for the purchase price of the furniture was contracted. The notes given by the vendee were to secure the prompt and faithful remittance of the invoice price of the furniture to the place, and on the dates, stated in the notes. The vendees were authorized to sell the goods, and for all goods sold on a credit, they were to take well secured notes, and transfer them to the company

as collateral security for the payment of their notes, and the company was to credit thereon all collections from such collaterals and return to Brown & Co. on payment of their notes any collaterals, uncollected. If any, or either of the notes of Brown & Co. should remain unpaid for ten days after maturity, the company was empowered at any time, and without previous demand, to take possession of the furniture, and all the notes were to be considered then due, and the invoice price of the furniture taken possession of was to be considered as a credit on the notes of Brown & Co. then unpaid.

From this analysis of the provisions of the instrument, it clearly appears that the furniture was delivered into the possession of Brown & Co., with the power of disposition added, that they became absolutely liable for the purchase price, and that the debt continue binding on them, notwithstanding the company should take possession of the furniture in case of default in paying the notes. The instrument possesses the essential elements and characteristic features of a mortgage. A continuing liability for the purchase price after the failure to perform the condition, and the vendor has acquired possession of the property, is wholly inconsistent with the character of a conditional sale. The notes of Brown & Co. belonged to the plaintiff, which they had a right, by the terms of the contract, to retain, though they might take possession of the goods. Claiming both the furniture and the notes as their property, under the agreement, is a claim of antagonistic rights, unless the instrument operates as a mortgage.—*Heryford v. Davis*, 102 U. S. 235; *Hart v. Barney*, 7 Fed. Rep. 543. The construction and legal effect of the instrument is, that the retention of the title was intended as a security for an absolute debt contracted for the price of the furniture. It operates as a chattel mortgage. It follows that the agreement, under which the furniture in controversy was delivered, containing the same terms and conditions, is also a mortgage, and not being in writing is invalid under the statute. The court should have given the affirmative charge in favor of the defendants.

Reversed and remanded.