# Nolen *v*. Farrow.

## *Detinue.*

(Decided Dec. 19, 1907.   45 So. Rep. 183.)

1. *Chattel Mortgage; Lien; Failure to Record; Bona Fide Purchaser.*—Under section 1009, Code 1896, conveyances of personal property to secure debt are void against purchasers and creditors for value without notice until recorded.

2. *Same; Bona Fide Purchaser; Burden of Proof; Notice.*—One claiming to be a bona fide purchaser must carry the burden of proof to show purchase and payment, but need not carry the burden to show want of notice of a chattel mortgage, that burden being upon him who asserts notice.

3. *Payment; Application of Payment.*—Where property is delivered to the mortgagee and is covered by a certain mortgage, the value of the proceeds thereof must be applied to the mortgage conveying it, and will not be applied to another debt due to the same party and secured by another mortgage.

4. *Chattel Mortgages.*—Where, at the time of the giving of the mortgage to plaintiff, there was no other mortgage of record, and plaintiff recorded his mortgage, and subsequent to the recording of

plaintiff's mortgage, a mortgage made prior in point of time to plaintiff's mortgage was recorded, plaintiff was entitled to make advances and charge for the same under his mortgage as security therefor, after the recording of the prior mortgage.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Detinue by G. W. Farrow against John Norrell, in which I. D. Nolen made claim to the property. From a judgment in favor of plaintiff, claimant appeals. Affirmed.

Detinue was begun by G. W. Farrow against John Norrell for one bay horse mule. I. D. Nolen came in after the levy of writ, made affidavit and gave claim bond as required by law, and the trial was had on said claim suit, resulting in a judgment for plaintiff, from which judgment this appeal is prosecuted. The facts sufficiently appear in the opinion of the court.

The following charges were refused to the claimant: (1) The general affirmative charge. "(2) The jury must credit on the mortgage the amount of cotton received by Farrow from Norrell, and if the jury find the cotton was of value as much as Farrow sold on his mortgage to Norrell before the Nolen mortgage was recorded, then the jury must find for the claimant. (3) The court charges the jury that, even if they should believe that the plaintiff had no notice of Nolen's mortgage at the time the plaintiff took his mortgage, still the plaintiff cannot recover for anything advanced by the plaintiff to Norrell after he had notice of Nolen's mortgage, or after Nolen's mortgage was recorded. (4) If the jury believe from the evidence that Farrow received from Norrell cotton covered by the mortgage on which this suit is brought, of the value of as much or more than Farrow has sold to Norrell on the mortgage before Nolen's mortgage was filed for record, then they must find for the plaintiff."

[Nolen v. Farrow.]

LACKEY & BRIDGES, and JAMES W. STROTHER, for appellant. To entitle to protection as a bona fide purchaser, the property must have been purchased and paid for without notice of the prior lien, encumbrance or right.—*Ely v. Pace,* 139 Ala. 293; *Bynum v. Gold,* 106 Ala. 427. Any payment made after notice of the prior right is not protected and a purchaser acquires only an equity pro tanto to the extent that he paid before notice.—*Kirby v. Raynes,* 138 Ala. 198; *Craft v. Russell,* 67 Ala. 12; *Collier v. Faulk,* 69 Ala. 58; *Schiffer v. Feagin,* 51 Ala. 335; *Florence F. M. Co. v. Zeigler,* 58 Ala. 221. Money derived from a particular source or fund should be applied as a payment pro tanto to the relief of the fund from which it is derived, in the absence of an agreement between the parties.—*Darden v. Gerson,* 91 Ala. 323; *Strickland v. Hardy,* 82 Ala. 412; *Bostick v. Jacobs,* 133 Ala. 346.

GEORGE A. SORRELL, for appellee. Farrow's right accrued at the time of the taking of his mortgage, and if he had no notice then, his mortgage being recorded first, gave him priority.—*Grimmer v. Nolan,* 40 South. 97. As to the application of the cotton to the payment of the debt, there was no evidence tending to show that Norrell owned the land or had it leased at the time he gave the mortgage to appellant, and in the absence of proof of that fact the mortgage was not a lien upon the crop.—*Mayer v. Taylor,* 69 Ala. 403; *Burns v. Campbell,* 71 Ala. 288; *Smith v. Fields,* 79 Ala. 335; *Paden v. Bellinger,* 87 Ala. 576; *Woods v. Rose,* 135 Ala. 297.

HARALSON, J.—Conveyances of personal property to secure debts, or to provide indemnity, are inoperative against creditors and purchasers without notice, until recorded.—Code 1896, § 1009.

[Nolen v. Farrow.]

As to a bona fide purchaser, the rule is, "that the party pleading it must first make satisfactory proof of purchase and payment." The burden rests upon him who asserts that he is a bona fide purchaser. He need not go further, and prove he made the purchase and payment without notice. If it be desired to avoid the effect of such purchase and payment, it must be met with counter proof that, before the payment, the purchaser had actual or constructive notice of the equity or lien asserted, or of some fact or circumstance sufficient to put him on inquiry which, if followed up, would discover the equity or incumbrance.—*Ely v. Pace,* 139 Ala. 293, 35 South. 877; *Bynum v. Gold,* 106 Ala. 427, 17 South. 667; *Hodges v. Winston,* 94 Ala. 578, 10 South. 535.

For payments made by the mortgagor, before the mortgagee acquired notice of a prior lien or mortgage, the purchaser will be protected pro tanto, to the extent of such payments.—*Craft v. Russell,* 67 Ala. 9, 12; *Sewing M. Co. v. Zeigler,* 58 Ala. 222; *Kirby v. Raynes,* 138 Ala. 198, 35 South. 118, 100 Am. St. Rep. 39.

Money received from a particular source or fund should be applied as a payment, pro tanto, to the relief of that source or fund.—*Darden v. Gerson,* 91 Ala. 323, 9 South. 278; *Strickland v. Hardie,* 82 Ala. 412, 3 South. 40; *Bostick v. Jacobs,* 133 Ala. 347, 32 South. 136, 19 Am. St. Rep. 36.

The mortgagor, John Norrell, executed to I. D. Nolen, the claimant, on the 18th of January, 1902, a mortgage on the property claimed, and on his entire crop of corn and cotton, and everything else raised by him during 1902, to secure $71.50, and also to secure additional supplies, which mortgage was filed for record January 24, 1902, at 11 o'clock a. m., and duly recorded. This mortgage was introduced in evidence by the claimant.

[Nolen v. Farrow.]

The plaintiff offered in evidence, a mortgage executed · by said John Norrell and wife to him on the 22d day of January, 1902, to secure a debt of $80, payable on the 1st of October, 1902, which mortgage was on the same property as the one given by said mortgagor to the claimant, and it was filed for record in the probate office on the 24th day of January, 1902, at 8 o'clock a. m.—the same day that claimant's mortgage was filed, but three hours earlier than the one of claimant was filed, so that, when claimant filed his mortgage for record, he had constructive notice of plaintiff's mortgage.

Both these mortgages were admitted in evidence without objection. At the time of the execution of these mortgages, it was shown that the property described therein, was in the possession of the mortgagor, John Norrell, and was in Tallapoosa county, Ala.

The plaintiff's evidence tended to show, that at the time said Norrell executed said mortgage to him, he bought goods of plaintiff, amounting to $50, and afterwards, bought other goods, until the amounts came to about $100, and that, in the fall of 1902, he received from him two bales of cotton, of the value of about $70, and had no instructions from him as to where to place credit for this cotton, and he placed it on another debt that was due by the mortgagor to him for land, which debt was secured by a mortgage on land.

· The claimant introduced John Norrell, who testified that, at the time he gave his mortgage to the plaintiff, he informed him that he had already given a mortgage on the property to claimant, and he also proved the same thing by one Dillard.

The plaintiff, testifying for himself, stated that John Norrell did not tell him at the time he executed the mortgage to him, that he had already executed to claimant a mortgage on the mule, and he also proved by one

18 R

[Nolen v. Farrow.]

Milner, who witnessed plaintiff's mortgage, that said Norrell did not inform plaintiff that he had given claimant a mortgage on said mule. He also testified, that he had no information that said Norrell had made another mortgage on the property covered by the mortgage to claimant, prior to the execution of his own mortgage.

From the foregoing, it appears that the plaintiff had under his mortgage a prior claim for whatever was due him thereon, unless he had actual notice of the claimant's mortgage—which was a contested fact, and which was decided in favor of the plaintiff by the jury. The law does not charge the plaintiff with constructive notice of claimant's mortgage which was filed subsequent to his. All he had to do was to see that the record was clear when he filed his. He did not have to watch the records after that, for mortgages subsequently filed.— *Pitts v. Am. M. Co.,* 123 Ala. 469, 26 South. 286.

The plaintiff should have credited the $70, the proceeds of the two bales of cotton, on the crop mortgage and not on the other one; but as there was evidence that over $70 was due and owing on said mortgage, the evidence did not show that it was discharged, and warranted the jury in finding for the plaintiff; and the court did not err in refusing the general charge requested by the claimant.

Each of the other charges restricted the plaintiff's right to charge for anything sold the mortgagor after Nolen's mortgage was recorded, whether he did or did not have actual notice, and were properly refused.

There is no error in the record and the judgment is affirmed.

Affirmed. All the Justices concur.