# Williams *v.* White.

## *Detinue.*

(Decided Feb. 3, 1910.   51 South   559.)

*Mortgages; Bona Fide Purchases; Record; Priority.*—Conveyances of personal property to secure debt or to provide indemnity are inoperative as against creditors and purchasers without notice, until recorded, and hence, where both parties claim under mortgages, one of which was executed, Feb. 13th, 1908, and filed for record 4 P. M. March 5th, thereafter, and the other executed on Feb. 28th, 1908. and filed for record 8 P. M March 5th, thereafter, the mortgagee under the last mortgage in point of time acquired the better title, neither having notice of the other, or facts sufficient to put them upon inquiry.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Detinue by J. B. White against R. L. Morrow for certain crops with claim propounded to same by J. W. Williams. Judgment for plaintiff and claimant appeals. Affirmed.

ROWLAND & PRUET, for appellant.   The claimant acquired the better title.—Section 3386, Code 907; *Patterson v. Jones,* 89 Ala. 388.

WHATLEY & CORNELIUS, for appellee.—Counsel insist that there was no error in the judgment of the court and in support thereof cite.—Section 3369, Code 1907; *Truss v. Harvey,* 120 Ala. 636; *Steiner Bros. v. Clisby,* 95

Ala. 91; *Nolan v. Farrow,* 45 South. 183; *Grimmer v. Nolan,* 40 South. 97.

SAYRE, J.—Each party claimed under a chattel mortgage from one Morrow. Appellant's mortgage was taken on February 3, 1908, and filed for record at 4 o'clock p. m. on March 5th thereafter. Appellee's mortgage was taken February 28, 1908, and filed for record at 8 p. m. March 5th thereafter. The trial court correctly ruled that appellee had the better title. Conveyances of personal property to secure debts, or to provide indemnity, are inoperative as against creditors and purchasers without notice, until recorded, etc.—Code, § 3386. The parties acquired their respective titles at the time of the execution and delivery of their respective mortgages. The purpose of recording is to affect purchasers subsequent to the recording, and creditors with notice. Notice dates from the filing for record. Appellee, on the facts stated, got a good title as against appellant. The subsequent record of appellant's mortgage had no effect upon appellee's previously acquired title. Affirmed.

DOWDELL, C. J., and MCCLELLAN and EVANS, JJ., concur.