# Elliott, *et al. v.* Palmer.

## *Claim Suit.*

(Decided December 18, 1913. 64 South. 182.)

*Sales; Conditional Sales; Record; Judgment Creditor.*—The provision of section 3394, Code 1907, does not affect a claim of the seller of property levied on under execution against the buyer when the judgment on which the execution was issued was rendered before such conditional sale was made, and before the defendant in execution had possession of or any connection with the property levied on.

[Elliott, et al. v. Palmer.]

APPEAL from Walker Law and Equity Court. Heard before Hon. T. L. SOWELL.

R. H. Palmer had judgment against J. H. Elliott, and had execution thereon levied upon certain property, to which the Jasper Land Company interposed a claim alleging that it was the property of the land company under a sale to Elliott in which the land company retained title until the purchase price was fully paid. Judgment for plaintiff condemning the property to the satisfaction of his execution, and claimant appeals. Reversed and remanded.

ERNEST LACY, for appellant. Under the contract of sale title did not vest in the Elliotts to the mule in question, so long as the purchase price remained unpaid.—*Warren v. Liddell*, 110 Ala. 223. The court therefore erred in rendering judgment condemning the mule to the satisfaction of the execution.—*Lynn v. Furn. Co.*, 57 South. 124; *Mathis v. Thurman*, 143 Ala. 558; *Carr v. Lester*, 90 Ala. 349; *Butler v. Jones*, 2 South. 301; *Chadwick v. Carson*, 78 Ala. 116; *Carew v. Jones*, 30 Ala. 577.

D. A. MCGREGOR, for appellee. The sale was void under section 3394, Code 1907, as to purchasers and judgment creditors, and the court properly rendered judgment condemning the property to the satisfaction of the execution.—Secs. 4156, 4157, 4158, Code 1907; *Winston v. Hodges*, 102 Ala. 304; *Reynolds v. Collier*, 103 Ala. 245; *Ivey v. Coston*, 32 South. 664; *Lynn v. Furn. Co.*, 57 South. 122.

WALKER, P. J.—The controversy in this case is between the plaintiff (appellee here), who had had an execution in his favor levied on personal property, and

a claimant of that property, from whom the defendant in the execution had acquired possession under a verbal sale of it, by the terms of which the vendor (the claimant) retained title until the purchase price should be paid, which had not been done. The judgment on which the execution issued was recovered several years before the defendant acquired possession of the property under the conditional sale of it to him. The appellant (the claimant below) contends that the fact of the judgment's having been recovered prior to the making of the conditional sale puts that sale beyond the influence of the provision contained in section 3394 of the Code. We are of opinion that this contention must be sustained.

As to the conditional sales of personal property, by the terms of which the vendor retains the title until the payment of the purchase money, and the purchaser obtains possession of the property, the effect of the provision contained in that section is to make such condition void "against purchasers for a valuable consideration, mortgagees, and judgment creditors without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate," etc. The classes of persons—"purchasers for a valuable consideration, mortgagees, and judgment creditors without notice"—in whose favor alone this statute avoids the condition in such a sale of personal property are identically the same as those in whose favor another and older statute (Code, § 3383) makes inoperative and void all conveyances of real property, deeds, mortgages, deeds of trust, or instruments in the nature of mortgages, to secure any debts, unless the same have been recorded before the accrual of the rights of such purchasers, mortgagees, or judgment creditors. When the later statute was enacted the designation quoted, as it was

used in the older statute, had already been judicially determined not to include one who became a judgment creditor before the undisclosed transfer in question was made.—*Chadwick v. Carson,* 78 Ala. 116. STONE, C. J., in delivering the opinion of the court in that case, after referring to the legislation by which the protection which previously had been extended to purchasers and mortgagees was extended to judgment creditors, said: "We think, however, that the protection extended to judgment creditors rests on a similar principle, and is germane to that secured to purchasers without notice. The purchasers who can maintain a right paramount to an unrecorded deed or mortgage must have purchased subsequently to the making of such deed or mortgage, and must be bona fide purchasers, for a valuable consideration, without notice or knowledge of such prior conveyance or incumbrance. * * * This class alone can be defrauded by a neglect of this statutory duty. For no other purpose was the statute enacted; to no other class does the grantee owe this duty; and only those who are without notice can claim the protection. * * * * The same rule must be applied when the protection the statute affords is claimed by a judgment creditor. He must have become such after the conveyance was made, or the incumbrance created, the failure to record which may mislead him to the belief that the property is standing open for seizure under execution upon his judgment." On similar considerations it has been held that one who became a creditor before his debtor was in possession of personal property under a loan not in writing, or within three years after the commencement of such possession, does not belong to the class of creditors intended to be protected by the statute (Code, § 3390) which provides that "all loans of personal property, not in writing, vest an absolute es-

tate in the person in possession under such loan, as to purchasers and creditors of such person, after three years from the commencement of such loan, unless within that time the lender commence an action at law, in good faith, for the recovery of the property.—*Mathis v. Thurman,* 153 Ala. 558, 39 South. 360; *Carew v. Love,* 30 Ala. 577.

The statute (Code, § 3394) upon which the appellee relies, like those passed upon in the decisions above referred to, is one for the protection of creditors against undisclosed claims of third persons to property the possession or apparent ownership of which is in the debtor. Recognizing that only such persons as have dealings with the possessor or apparent owner of property could be prejudiced by a failure to disclose a third person's claim to it, those decisions are to the effect that the benefit of such statutes cannot be claimed by a creditor whose dealings with his debtor could not possibly have been influenced by a lack of knowledge or notice of the true situation, as his demand had come into existence and been reduced to judgment before his debtor had ever had any connection with the property in question. There is nothing in the terms of section 3394 of the Code to indicate a legislative purpose to protect judgment creditors who were not embraced by the same designation as it was used in an older statute (Code, § 3383) dealing with a cognate subject. It is not less plain that the sole purpose of the requirement of the later statute as to the contracts it mentions being in writing and recorded was to afford the means of warning to those who might subsequently have dealings with parties to such contracts, and that protection of those who previously may have had and concluded dealings with such parties was not in the legislative contemplation. The conclusion follows that the provisions of that statute do not

affect a claim made by the vendor in a conditional sale of personal property levied on under execution when the judgment on which the execution was issued was rendered before such conditional sale was made, and before the defendant in the execution had possession of or any connection with the property levied on.

The evidence showed that the claimant, as the conditional vendor of the property in dispute, was entitled to it, unless its claim was invalidated by the statute which was invoked. As that claim was not so invalidated, the result is that the judgment appealed from must be reversed, and judgment will here be rendered in favor of the claimant for the property for which the plaintiff had judgment in the court below.

Reversed and rendered.