# Smith *v.* Davenport & Co.

## *Trover.*

(Decided April 6, 1915. 68 South. 545.)

1. *Trover; Title and Possession; Proof.*—In order to maintain trover a plaintiff must show that at the time of the conversion, he had a property right in the chattels, and possession, or an immediate right to possession.

2. *Same; Identity of Chattels; Proof.*—Where the plaintiff sought to recover a bale of cotton, and the seed therefrom, under a mortgage covering the mortgagor's "entire crops, corn, cotton and produce and all rents, accruing to us for * * * each * * * year, in this county in which we now reside, until paid," he had the burden, by reason of the uncertainty of the description, to prove not only that the cotton and the seed, for the conversion of which suit was brought, were raised by the mortgagor in the county, but that it was raised on lands in which the mortgagor had a present interest when he executed the mortgage; for in the absence of such proof, the mortgage was void for uncertainty in the description.

3. *Same; Instructions.*—A charge asserting that if the defendant got more "that" enough cotton from the mortgagor to pay a mortgage held by him, then plaintiff could recover not only invaded the province of the jury, but was also inaccurate in the use of its terms.

4. *Mortgage; Priority; Notice; Trover.*—Where the defendant relied on a mortgage executed on March 19th, and recorded on May 7th, and plaintiff relied on a mortgage executed March 22nd, and recorded on April 3rd, plaintiff's mortgage had priority, unless at the time of receiving his mortgage and parting with the consideration therefor, he had notice or was chargeable with knowledge of defendant's mortgage.

5. *Pleading; Demurrers.*—Where the demurrers were general and did not point out specifically the defects in the pleas, the demurrers were properly overruled, although the pleas were defective. (Section 5340, Code 1907.)

6. *Appeal and Error; Harmless Error; Pleading.*—Where the plaintiff was not entitled to recover as against the defendant's plea of the general issue, erroneous rulings on demurrers to special pleas and on charges requested were harmless.

7. *Same; Instruction.*—Where a plaintiff fails to show a prima facie right of recovery, instructions given authorizing a verdict for defendant if notice of a mortgage was brought to plaintiff, etc., were harmless.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Trover by John Smith against E. T. Davenport and another, doing business as E. T. Davenport & Company. From judgment for defendant, plaintiff appeals. Affirmed.

The second plea is that defendant took possession of said property under and by virtue of the authority conferred by mortgage executed by T. M. Young to defendant of date March 19, 1912, conveying to defendant all the crops of cotton, corn, and other produce raised by the mortgagor Young during the year 1912, and defendants aver that the property described in said complaint was grown and raised by said T. M. Young, and covered by the mortgage for the year 1912. The third plea sets up a mortgage by Young to plaintiff of date March 22, 1912, given to secure the payment to Young, and defendants aver that the mortgage was induced and acquired by fraud on the part of plaintiff in this: (Here follows allegations as to misrepresentations made relative to the mule, the fact that the mule was diseased and worthless, and several tenders of the property by Young to plaintiff with an offer to rescind.)

The following charge was refused to plaintiff: I charge that defendant got more that enough cotton from Young that defendant got more than enough cotton from to pay his mortgage, plaintiff should recover on plea 4 of defendant's answer.

The following charges were given defendant:

(3) If Smith had knowledge of the fact that Davenport held a mortgage or knew of facts sufficient to put

[Smith v. Davenport & Co.]

a reasonably prudent man on inquiry which would have led to such knowledge, then plaintiff cannot recover.

(4) If you believe reasonably from the evidence that Smith had notice of Davenport's mortgage or knew of facts sufficient to put a reasonably prudent man upon such inquiry as would lead to a knowledge of Davenport's mortgage, plaintiff would not be entitled to recover.

ISBELL & SCOTT, for appellant. A breach of warranty is not available to a third party, but is personal, and cannot be transferred.—*Riley v. Dillon,* 41 South. 708; 35 Cyc. 443. Court erred in overruling demurrers to the pleas, and in refusing charges requested by the plaintiff, and in giving charges requested by the defendant. A junior mortgagee cannot impeach a senior mortgage except for fraud as to him.—*Henderson v. Morris,* 110 Ala. 106.

HUNT & WOLFES, for appellee. The demurrers were general and were properly overruled.—Section 5340, Code 1907; *Bryant v. A. G. S. R. R. Co.,* 155 Ala. 368. The plaintiff did not show a prima facie right to recover as against the defendant's plea of the general issue, and hence any errors were harmless to the plaintiff.

BROWN, J.—It was essential to the plaintiff's right of recovery in an action of trover, and it is incumbent upon the plaintiff, to show in himself at the time of the alleged conversion a property right—title general or special—in the property, and possession or an immediate right of possession.—*Rolfe v. Huntsville Lumber Co.,* 8 Ala. App. 487, 62 South. 537; *Tallassee Falls Mfg. Co. v. First Nat. Bank,* 159 Ala. 317, 49 South. 246; *Johnson v. Wilson & Co.,* 137 Ala. 468, 34 South. 392,

[Smith v. Davenport & Co.]

97 Am. St. Rep. 52; *Fields v. Copeland,* 121 Ala. 644, 26 South. 491; 38 Cyc. 2044, brief point 58.

The subject of the alleged conversion in this case is "one bale of cotton and the seed out of the same," and the only evidence of the plaintiff's title is a mortgage executed by one Young to the plaintiff on the 22d day of March, 1912, covering the following property: One mule and "our entire crops, cotton and produce, and all rents accruing to us for the year 1912, and each succeeding year in this county in which we now reside, until paid." The property alleged to have been converted not being described in the mortgage with reasonable certainty so that it could be pointed out by reference to the description, the burden of proof was on the plaintiff to show, not only that the bale of cotton and the cotton seed described in the complaint were raised by the mortgagor, Young, in DeKalb county, but that it was the product of lands in which the mortgagor had a present interest at the time he gave the mortgage.—*Paden & Co. v. Bellenger & Ralls,* 87 Ala. 575, 6 South. 351; *Fields v. Karter,* 121 Ala. 333, 25 South. 800; *Mayer v. Taylor,* 69 Ala. 403, 44 Am. Rep. 522; *Varnum v. State,* 78 Ala. 30; *Grant v. Steiner,* 65 Ala. 499.

Such proof was not only necessary to sustain plaintiff's title to the cotton in controversy, but it was necessary to make reasonably certain the description of the property in the mortgage, as without it the mortgage itself was void for uncertainty in the description of the property.—*Woods v. Rose,* 135 Ala. 300, 33 South. 41; *Smith v. Fields,* 79 Ala. 335. No such proof was offered by the plaintiff, and on the case made by the evidence the plaintiff was not entitled to recover.—*Butler-Kyser Mfg. Co. v. Central of Ga. Ry. Co.* (Sup.) 67 South. 393.

The plaintiff not being entitled to recover as against the defendants' plea of the general issue, the rulings of

the court on the demurrers to the special pleas, or in giving or refusing special charges, if error, were without injury, and will not work a reversal of the judgment of the trial court.—*Culberson v. Empire Coal Co.,* 156 Ala. 419, 47 South. 237; *Peck & Bro. v. Karter,* 141 Ala. 668, 37 South. 920; Supreme Court Rule 45 (175 Ala. xxi, 61 South. ix).

While the defendants' pleas 2 and 3 were defective, the grounds of demurrer assigned to them were general and did not specifically point out their defects, and the court did not err in overruling the demurrers.—Code, § 5340; *Bryant v. A. G. S. R. R. Co.,* 155 Ala. 368, 46 South. 484. It occurs to us that all of these defenses could have been set up under the general issue.—*Barrett v. City of Mobile,* 129 Ala. 185, 30 South. 36, 87 Am. St. Rep. 54.

Charge 1, refused to plaintiff, invaded the province of the jury in assuming that plaintiff was entitled to recover at all. Its refusal can be justified for the further reason that the word "that" is used when the word "than" should have been used.

The evidence on the issue presented by the third plea was conflicting, and this justified the court in refusing charge 3, requested by the plaintiff.

The mortgage offered by the defendants was executed on the 19th day of March, 1912, and was not filed for record until the 2d day of May, while the mortgage offered by plaintiff was dated March 22, 1912, and was filed for record April 3, 1912. The mortgage of the plaintiff, if it conveyed any right at all, was superior to the right of the defendants, unless at the time plaintiff's mortgage was given and he parted with the consideration therefor he had notice of the mortgage held by the defendant or had knowledge of facts sufficient to put him on inquiry which if he had followed it up would

[Cobb v. Hand.]

have brought notice to him of defendants' mortgage.—
*Tompkins v. Henderson & Co.,* 83 Ala. 393, 3 South. 774.
Charges 3 and 4, given at defendants' instance, were
faulty in that they justified a verdict for defendants on
notice brought to plaintiff after his rights had accrued,
and, if plaintiff had shown a prima facie case, the giv-
ing of these charges would have constituted reversible
error.   But, in view of the fact that plaintiff failed to
show a prima facie right to recover, the giving of these
charges was without prejudice.

There being no reversible error in the record, the
judgment of the circuit court is affirmed.

Affirmed.