(89 South. 89)

## MOTOR SALES CO. v. McNEIL.
### (4 Div. 695.)

(Court of Appeals of Alabama. April 5, 1921. Rehearing Denied May 10, 1921.)

1. Sales ⊜⇒473(1)—Reservation of title authorizes retaking possession from any one in absence of statute.

A contract by which the seller retained title to the property until the purchase price should be paid gives him more than a lien on the property, and authorizes him, in the absence of statute, to take his property wherever he found it, though it had been resold to an innocent third person for value.

2. Chattel mortgages ⊜⇒139—Under unrecorded reservation of title within three months after sale, possession may be taken from innocent mortgagee.

Under Code 1907, § 3394, as amended by Acts 1911, p. 115, requiring a contract retaining title to property sold until the purchase price is paid to be recorded within three months after the sale in order to be valid against innocent purchasers, a seller can retake possession of his property under his reserved title from a subsequent innocent mortgagee before the expiration of the three months after the sale, and need not then record his contract.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Detinue by the Motor Sales Company against A. B. McNeil, for the recovery of an Oakland automobile. Judgment for the defendant, and the plaintiff appeals. Reversed and remanded.

Chapman & Lewis, of Dothan, for appellant.

Acts 1911, p. 115, controls in this case. The court erred in directing a verdict for the defendant. 67 Ala. 139, 42 Am. Rep. 104; 67 Ala. 112; 169 Ala. 154, 53 South. 1014, 33 L. R. A. (N. S.) 374; 171 Ala. 420, 55 South. 100.

Lee & Tompkins, of Dothan, for appellee.

Section 3394, Code 1907, was not complied with, and hence the defendant was entitled to a directed verdict. 3 Ala. App. 634, 57 South. 122; 65 South. 783; 102 Ala. 304, 15 South. 528.

SAMFORD, J. The agreed statement of facts upon which this cause was tried in the court below is substantially as follows:

The plaintiff company sold to one F. A. McNeil the Oakland car in controversy at Columbus, Ga., and at the time of sale entered into what they term a "conditional sale agreement," which for the purposes of this appeal we will term a retention title contract. This contract was dated Columbus, Ga., October 6, 1919, stipulated, among other things, for the payment of $225 on November 1, 1919, retained title to the car in the seller, and further provided, should the buyer fail to keep and perform any and all of his agreements, and promptly pay the amount when due, the seller might take possession of the car whenever found without process of law, and all rights of the buyer thereunder should cease and terminate absolutely. The purchaser defaulted in the payment of the purchase money on the due date thereof, and a balance is still due.

This retention title agreement was recorded in Columbus on January 12th, and in the office of the probate judge of Houston county on February 6, 1920. On the day F. A. McNeil obtained possession of the car from the plaintiff, he executed a mortgage to his brother, A. B. McNeil, the defendant in this case, conveying said car with the usual covenants, on October 6, 1919, at which time A. B. McNeil advanced money to F. A. McNeil, the mortgagor. This mortgage was recorded in the probate office of Houston county, Ala., on November 28, 1919, the mortgaged property being at that time and at the time of the execution of the mortgage in Houston county, Ala., having been removed from Columbus, Ga., on the day of its purchase to the latter place. At the time the mortgage was executed A. B. McNeil had no notice of the sale agreement hereinabove referred to, and it is further agreed that the mortgage is unpaid. In November, 1919, after default had been made by F. A. McNeil in the payment of the money due under the retention title agreement, the plaintiff took possession of the automobile under the power contained in the agreement. After plaintiff took possession of the automobile, A. B. McNeil, acting under his mortgage, took possession of the car, and claims the same under the terms of his mortgage.

[1] It has been correctly said in Alexander v. Mobile Auto Co., 200 Ala. 586–588, 76 South. 944, 946:

"In this state a reservation of title is more than a lien in the holder; it is the title reserved to the seller, and not to vest in the purchasing party to the contract until the purchase price is fully paid."

See Haynie v. Robertson, 58 Ala. 37; Dowdell v. Empire Co., 84 Ala. 316, 4 South. 81; Warren v. Liddell, 110 Ala. 232, 20 South. 89. Before the statute requiring recordation of these contracts, a purchaser without notice was in no wise protected, and the seller could take his property wherever he found it, notwithstanding the purchaser had disposed of it to an innocent third person for value.

[2] The statute (Code, § 3394, as amended by Acts 1911. p. 115) changes the status as therein provided, and, as to the question involved in this case, continues the status of condition sale contracts retaining title in the seller, as it existed prior to the statute, for a period of three months, during which time—

"The purchaser buys at his peril that the contract will be recorded within the time." Pulaski Mule Co. v. Haley & Koonce, 187 Ala. 533, 65 South. 783, Ann. Cas. 1916A, 877.

In the Pulaski Mule Co. Case, supra, the seller did not retake possession of the property before the expiration of the recordation period, nor did the buyer have actual notice of the retention title contract. In the instant case the purchaser forfeited all rights under the contract within the three-month period; and the seller took actual possession of the property, and it was from the seller and holder of the title that the defendant took the property, claiming it under a mortgage executed by the purchaser on the day and date of the retention title contract. If the seller had not acted, but had left the property in the possession of the purchaser or those holding under him for a period of three months, the subsequent purchase from the original purchaser (in this case, the defendant) would have been protected. For, in that event, the retention title contract would have been void, as provided by statute. But in the case at bar the seller acted at a time when the contract was not void under the statute. It had the title, and, the conditions of the contract having been breached, it took also the actual possession, and therefore the recording of the contract would have been the doing of a useless thing. The plaintiff's right to the possession of the property at the time it was taken by the defendant is not dependent upon the validity of the retention title contract after 90 days from the date of its execution. It was the owner in possession, and as such is entitled to recover in this case, under the facts as set out in this record. The court erred in giving the affirmative charge for the defendant, and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded