(165 So. 434)

## HARRIS v. LEETH NAT. BANK.
### (6 Div. 737.)

(Court of Appeals of Alabama. Aug. 4, 1925.)

1. **Chattel mortgages** ⬅️139—**Recordation of plaintiff's retention title contract held ineffective to give mortgagee from purchaser notice.**

Where plaintiff sold car under retention title contract, and purchaser immediately mortgaged car to defendant to secure a loan thereon, recordation of plaintiff's retention title contract in county in which purchaser resided, after execution of mortgage, *held* ineffective to give defendant notice, in view of Code 1923, § 6898.

2. **Chattel mortgages** ⬅️157(3) — **Whether mortgagee had actual notice, sufficient to put it on inquiry as to plaintiff's retention title contract, held a question of fact for court.**

In detinue for an automobile by seller, under retention title contract against mortgagee from purchaser, whether mortgagee had actual notice of facts, sufficient to put it on inquiry as to seller's retention title contract, *held* a question of fact for court sitting without a jury.

3. **Appeal and error** ⬅️1011(1)—**Reviewing tribunal will not review trial judge's findings on point where testimony is conflicting and evidence is insufficient to overturn presumptions in favor of trial judge's findings.**

Reviewing tribunal will not review findings of trial judge on a point where testimony is conflicting and evidence is not sufficient to overturn presumptions in favor of his findings.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action in detinue by Frank S. Harris against the Leeth National Bank. Judgment for defendant, and plaintiff appeals. Affirmed.

W. H. Long, of Decatur, for appellant.

Where the purchaser immediately removes the property to another county, it is only necessary that the conveyance be recorded in such county, which may be done within 90 days. Code 1907, § 3394; Acts 1911, p. 115; Pulaski Mule Co. v. Koonce, 187 Ala. 533, 65 So. 783, Ann. Cas. 1916A, 877; Lynn v. Broyles Fur. Co., 3 Ala. App. 634, 57 So. 122; Hickey v. McDonald Bros., 160 Ala. 300, 48 So. 1031; Smith & Co. v. Zurcher, 9 Ala. 208.

Brown & Bland, of Cullman, for appellee.

Appellant's conditional sale contract not being filed for record prior to the execution of appellee's mortgage, appellee's title was superior. Code 1923, § 6898; Williams v. White, 165 Ala. 336, 51 So. 559; Smith v. Davenport, 12 Ala. App. 456, 68 So. 545; Elliott v. Palmer, 9 Ala. App. 483, 64 So. 182. The judgment of the court, sitting without a jury, will not be disturbed. Hackett v. Cash, 196 Ala. 403, 72 So. 52.

SAMFORD, J. Simpson purchased from plaintiff in Decatur, Ala., a Dodge car, the subject-matter of this suit. The sale was on February 6th. Simpson was a resident of Cullman, where was also to be the situs of the property. A part of the purchase price was paid, and Simpson executed a retention title note on the car to secure the balance. The car being delivered to Simpson upon the completion of the transaction on the same day, he drove the car to Cullman and borrowed from defendant $471, and to secure said loan executed and delivered to defendant a mortgage on said car. Plaintiff's retention title note was not recorded in Cullman county until February 8th.

[1] Under section 6898 of the Code of 1923, such contracts as are here relied on by plaintiff are, as to the conditions retaining title, void against purchasers for a valuable consideration, mortgagees, landlords with liens, and judgment creditors without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and remains. Williams v. White, 165 Ala. 336, 51 So. 559; Smith v. Davenport, 12 Ala. App. 456, 68 So. 545; Elliott v. Palmer, 9 Ala. App. 483, 64 So. 182. In Pulaski Mule Co. v. Haley & Koonce, 187 Ala. 533, 65 So. 783, Ann. Cas. 1916A, 877, and Motor Sales Co. v. McNeil, 18 Ala. App. 132, 89 So. 89, this court and the Supreme Court have drawn the distinction between the statute here considered and those statutes where a fixed time is allowed in which documents are to be filed for record.

The recordation of plaintiff's retention title contract was ineffective to give notice.

[2, 3] It is insisted, however, that the defendant had actual notice of facts sufficient to have put it upon inquiry, but this was a question of fact to be passed upon by the court sitting without a jury and, there being conflicting testimony on this point, and the evidence not being sufficient to overturn the presumptions in favor of the findings of the trial judge, this court will not reverse his findings.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The other assignments of error are without merit.

We find no error in the record, and the judgment is affirmed.

Affirmed.