(129 So. 709)

## DECATUR FERTILIZER CO. v. DECATUR MOTORS, Inc.

### 8 Div. 70.

Court of Appeals of Alabama.

Aug. 19, 1930.

R. L. Almon, of Moulton, for appellant.

Eyster & Eyster, of Decatur, for appellee.

**SAMFORD, J.**

The plaintiff having complied substantially with Supreme Court Rule 10, Ala. Code 1928 Ann. p. 1930, and no brief for appellee having been brought to the attention of the court, the following statement of fact, as set out in appellant's brief, is taken as accurate, to wit:

"The controversy in this case is between the Decatur Fertilizer Company, a corporation, plaintiff in the original suit and Decatur Motors Company, Inc., claimant. The Decatur Fertilizer Company, a corporation, on February 1, 1929 obtained a waiver judgment against J. F. Moore for the sum of $475.00 in the Circuit Court of Lawrence County, Alabama, a certificate of which said judgment issued by the Clerk of the Circuit Court of Lawrence County, Alabama was filed in the office of the Judge of Probate of Lawrence County on the 2nd day of February, 1929 and duly recorded. An execution was issued by the Clerk of the Circuit Court of Lawrence County on the judgment in favor of Decatur Fertilizer Company, a corporation, against J. F. Moore on February 2, 1929. The said execution was placed in the hands of the sheriff of Lawrence County on February 2, 1929 and was by him levied on one Dodge Automobile Coupe, Type Model 1928, on March 25, 1929 or probably March 24, 1929. Decatur Motors Company, Inc., made affidavit and claim bond on March 25, 1929 and took possession of the Dodge Automobile Coupe levied on by the sheriff. The automobile levied on was in the

possession of Moore or his agent and was in Lawrence County at the time the sheriff levied on it, and had been in said County since March 21, 1928, in possession of J. F. Moore.

"The Decatur Motors Company, Inc., sold to J. F. Moore the Dodge Automobile in question on March 21, 1928, reserving title in themselves by conditional sales contract until the purchase price thereof was paid. The Decatur Motors Company, Inc., were doing business at Decatur, Morgan County, Alabama, and J. F. Moore lived in Lawrence County, Alabama and the automobile was on that date brought to Lawrence County by J. F. Moore and was kept in said County by him until the sheriff levied on the same in March, 1929. The conditional sale contract was never recorded nor filed for record in Lawrence County, Alabama nor was the same ever properly filed and recorded in the office of the Judge of Probate of Morgan County, Alabama. The Decatur Motors Company, Inc. knew on the day it sold the automobile that J. F. Moore lived in Lawrence County and was taking the automobile into that County.

"The value of the automobile in question was $300.00 on the date that the sheriff levied on it and also on the date that it was turned over to Decatur Motors Company. A reasonable value for the hire or use of that automobile since the time it was turned over to Decatur Motors Company was $20.00 or $25.00 per month and Decatur Motors Company obtained possession of said automobile on March 25, 1929. The Judge of the Circuit Court tried the case on the issue made up as directed by section 10376 of the Code of 1923 without a jury and gave a judgment in favor of the claimant and against the plaintiff in execution."

■■ It will be observed that in this case there is no insistence on actual notice. The claimant relies entirely on the recordation of its sale contract in so far as notice is necessary. It may also be stated that, while the sale contract was not acknowledged as required so as to be admitted in evidence under section 6899 of the Code of 1923, its execution was proven by witnesses. The above section making a rule of practice does not invalidate a sale contract executed before witness, nor destroy the right of the holder to make proof thereof by such witness when occasion requires. But the main question in this case seems to be, Does a sale contract, not recorded as provided by section 6898 of the Code of 1923, prevail over a judgment duly obtained, properly recorded, and legally levied.

■ This court is familiar with and recognizes the rule referred to and cited in Elliott et al. v. Palmer, 9 Ala. App. 483, 64 So. 182. The rule there stated is grounded on sound principles. That is, a judgment creditor, etc., cannot by such judgment acquire as against a vendor a lien on property which the debtor did not own nor had any potential interest in at the time of the judgment. But, the rule is different where, at the time of judgment, the debtor has contracted to purchase and is in possession of personal property. In such cases courts have uniformly held that all conditional sales contracts reserving title in the vendor until the purchase price has been fully paid are void as to judgment creditors without notice, or unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party obtaining possession of the property resides and also in the county in which such property is delivered and remains. Of course this in no wise affects the rights of the vendor as between him and his vendee. Harris v. Leeth Nat. Bank, 21 Ala. App. 83, 105 So. 434; Motor Sales Co. v. McNeil, 18 Ala. App. 132, 89 So. 89; Pulaski Mule Co. v. Haley & Koonce, 187 Ala. 533, 65 So. 783, Ann. Cas. 1916A, 877; Elliott et al. v. Palmer, 9 Ala. App. 483, 64 So. 182. If argument is found to be necessary in sustaining the two rules above referred to, it may be found at length stated by Stone, C. J., in the case of Chadwick v. Carson, 78 Ala. 116.

The judgment of the circuit court is not in accord with the foregoing and is therefore reversed, and the cause is remanded.

Reversed and remanded.