191 So. 243

COPELAND et al. v. TENNESSEE VALLEY BANK.

6 Div. 527.

Supreme Court of Alabama.

June 15, 1939.

Rehearing Denied Oct. 12, 1939.

St. John & St. John, of Cullman, for appellants.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

BROWN, Justice.

·The result in this case depends ·upon the effect of § 6890 of the Code, which provides: "Conveyances of personal property to secure debts, or .to provide indemnity, are inoperative against creditors and purchasers without notice, until recorded," etc.

The settled construction of this statute is that a prior unrecorded mortgage, as to a subsequent mortgagee who without notice takes a subsequent mortgage and parts with value, is void. Nolen v. Farrow, 154 Ala. 269, 45 So. 183; Williams v. White, 165 Ala. 336, 51 So. 559.

The sole effect of the "subordination" agreement between Kinney and appellee was to subordinate Kinney's prior lien to that of appellee's mortgage. It did not circumvent or destroy the effect of the statute which protects appellants against the prior unrecorded mortgage of appellee.

In Ohio Sav. Ass'n v. Bell et al., 25 Ohio App. 84, 158 N.E. 548, decided by the Ohio

Court of Appeals, the mortgage of the plaintiff was a first mortgage and was the first filed for record. Therefore the recording statutes of that State seem to have been without influence. We are not able to follow that case in the interpretation of the "subordination" agreement as giving to the plaintiff in that case the benefit of the superior vendor's lien held by Pomeroy and Fuller, simply because their second mortgage stated that it was "subject to a first mortgage with the Ohio Savings Association." Moreover both parties to the "subordination" agreement in that case were before the court.

This is an agreed case, and the judgment here is that the circuit court erred in giving judgment for the plaintiff. That judgment is reversed, and one here rendered in favor of the defendants, appellants here.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.